160 P.3d 13 (2007)
Peter H. ARKISON, solely in his capacity as chapter 7 bankruptcy trustee for Michelle Carter, Appellant,
v.
ETHAN ALLEN, INC.; Renkins Trading, Inc., a/k/a Renkins, Inc.; Ethan Allen Home Interiors; and John Doe Corporations 1-5, Respondents.
No. 78481-7.
Supreme Court of Washington, En Banc.
Argued March 1, 2007.
Decided May 31, 2007.
*14 Alan Jay Wenokur, Attorney at Law, Seattle, WA, for Appellant.
David Michael Jacobi, Wilson Smith Cochran Dickerson, Sara Ellen `Sally' Metteer, Wilson Smith Cochran Dickerson, Seattle, WA, for Respondent.
Bryan Patrick Harnetiaux, Attorney at Law, Spokane, WA, Amicus Curiae on behalf of Washington State Trial Lawyers Association.
Jeffrey Carl Jones, Krutch Lindell, Michael E. Gossler, Montgomery Purdue Blankinship & Austin, Seattle, WA, for Other Parties Michelle Carter.
OWENS, J.
¶ 1 Bankruptcy trustee Peter Arkison seeks review of a trial court order applying the doctrine of judicial estoppel against him and dismissing his claim. We hold that the trial court abused its discretion when it dismissed the bankruptcy trustee's legal claims. Accordingly, we reverse the trial court and remand for further proceedings.

FACTS
¶ 2 On August 10, 2002, Michelle Carter allegedly injured her eye when she was struck by a couch leg as the couch was being delivered to her home by employees of Renkins, Inc., d/b/a Ethan Allen Home Interiors (Ethan Allen). Clerk's Papers (CP) at 5, 9. Later that month, Carter filed a chapter 7 bankruptcy petition. Id. at 66-84. Carter did not list her potential legal claim against Ethan Allen as an asset. The bankruptcy court appointed Arkison as Carter's chapter 7 bankruptcy trustee. Based on Carter's representations, Arkison filed a report of no distribution indicating that Carter did not have any assets to pay the listed unsecured debts totaling over $220,000. Id. at 111, 125. In December 2002, the bankruptcy court discharged Carter's debts and closed the case.
¶ 3 In June 2005, Carter filed suit against Ethan Allen in King County Superior Court for the 2002 injury. Ethan Allen filed a motion for summary judgment, arguing that judicial estoppel barred Carter's claim because she failed to disclose the potential claim as an asset during chapter 7 bankruptcy proceedings initiated after her alleged injury in 2002.
¶ 4 In October 2005, Arkison learned of Carter's lawsuit. He notified the Office of the United States Trustee, which filed an ex parte motion with the bankruptcy court to reopen the bankruptcy proceedings. Arkison filed a notice of appearance in the King County case and responded to Ethan Allen's motion for summary judgment, arguing that Ethan Allen could not use the judicial estoppel defense against a bankruptcy trustee. Arkison then moved to substitute himself as the real party in interest in Carter's case. The superior court granted Arkison's motion to become the real party in interest; however, the court then granted Ethan Allen's motion for summary judgment against Arkison based on judicial estoppel and dismissed the claim. The superior court denied Arkison's motion for reconsideration, and we granted Arkison's petition for direct review.

ISSUE
¶ 5 May a trial court apply the doctrine of judicial estoppel against a bankruptcy trustee standing as the real party in interest?

ANALYSIS
A. Standard of Review
¶ 6 The trial court granted summary judgment in favor of Ethan Allen. We *15 review summary judgment de novo, engaging in the same inquiry as the trial court. City of Sequim v. Malkasian, 157 Wash.2d 251, 261, 138 P.3d 943 (2006). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." CR 56(c).
B. Judicial Estoppel
¶ 7 "Judicial estoppel is an equitable doctrine that precludes a party from asserting one position in a court proceeding and later seeking an advantage by taking a clearly inconsistent position." Bartley-Williams v. Kendall, 134 Wash.App. 95, 98, 138 P.3d 1103 (2006). The doctrine seeks "`to preserve respect for judicial proceedings,'" and "`to avoid inconsistency, duplicity, and . . . waste of time.'" Cunningham v. Reliable Concrete Pumping, Inc., 126 Wash. App. 222, 225, 108 P.3d 147 (2005) (alteration in original) (internal quotation marks omitted) (quoting Johnson v. Si-Cor, Inc., 107 Wash.App. 902, 906, 28 P.3d 832 (2001)). We review a trial court's decision to apply the equitable doctrine of judicial estoppel for abuse of discretion. Bartley-Williams, 134 Wash.App. at 98, 138 P.3d 1103.
¶ 8 Three core factors guide a trial court's determination of whether to apply the judicial estoppel doctrine: (1) whether "a party's later position" is "`clearly inconsistent' with its earlier position"; (2) whether "judicial acceptance of an inconsistent position in a later proceeding would create `the perception that either the first or the second court was misled'"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." New Hampshire v. Maine, 532 U.S. 742, 750-51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (quoting Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 599 (6th Cir.1982)). These factors are not an "exhaustive formula" and "[a]dditional considerations" may guide a court's decision. Id. at 751, 121 S.Ct. 1808; see, e.g., Markley v. Markley, 31 Wash.2d 605, 614-15, 198 P.2d 486 (1948) (listing six factors that may likewise be relevant when applying judicial estoppel). Application of the doctrine may be inappropriate "`when a party's prior position was based on inadvertence or mistake.'" New Hampshire, 532 U.S. at 753, 121 S.Ct. 1808 (quoting John S. Clark Co. v. Faggert & Frieden, P.C., 65 F.3d 26, 29 (4th Cir.1995)). In the instant case, we must query for the first time whether a trial court abuses its discretion in applying judicial estoppel against a bankruptcy trustee standing as a real party in interest.
¶ 9 Courts may generally apply judicial estoppel to debtors who fail to list a potential legal claim among their assets during bankruptcy proceedings and then later "pursue the claims after the bankruptcy discharge."[1]Bartley-Williams, 134 Wash.App. at 98, 138 P.3d 1103. The trial court in the case at hand, however, applied judicial estoppel to bar the bankruptcy trustee from pursuing the debtor's claim on behalf of the bankruptcy creditors. The trial court relied on Garrett v. Morgan, 127 Wash.App. 375, 112 P.3d 531 (2005), upholding the application of judicial estoppel to bar a bankruptcy trustee from pursuing a debtor's legal claim.
¶ 10 Subsequent to Garrett and during the pendency of the current appeal, Division One of the Court of Appeals held that trial courts may not apply judicial estoppel to a bankruptcy trustee standing as the real party in interest. Bartley-Williams, 134 Wash.App. at 100-02, 138 P.3d 1103. In Bartley-Williams, bankruptcy petitioners failed to list a potential medical malpractice suit as an asset in their chapter 7 bankruptcy proceedings. The trial court relied on Garrett and dismissed the case as to the debtor and the bankruptcy trustee. On appeal, Division One reversed the dismissal as to the bankruptcy trustee and sharply criticized Division Two's reasoning in Garrett, stating that "Garrett failed to properly distinguish between . . . a bankruptcy petitioner and a bankruptcy trustee." Id. at 102, 138 P.3d 1103.
*16 ¶ 11 According to the court in Bartley-Williams, "[a] bankruptcy trustee occupies a different position than the bankrupt" because under the bankruptcy rules, property not abandoned or administered remains property of the estate. Id. at 101, 138 P.3d 1103; accord 11 U.S.C. § 554(d). The Bartley-Williams court reasoned that prohibiting a bankruptcy trustee from "pursuing [a] claim on behalf of the estate" ignored the role of the trustee in bankruptcy proceedings and could "create a windfall for the party seeking to invoke judicial estoppel at the expense of the bankruptcy creditors." 134 Wash.App. at 102, 138 P.3d 1103. The Bartley-Williams court held that the "correct solution" was to allow the trustee to "`determine whether to deal with the cause of action for the benefit of the estate.'" Id. at 102, 138 P.3d 1103 (quoting In re An-Tze Cheng, 308 B.R. 448, 460 (9th Cir. BAP 2004), aff'd by unpublished opinion, 160 Fed.Appx. 644 (9th Cir.2005)). The court thus reversed the summary judgment dismissal against the bankruptcy trustee. Id. The court, however, affirmed the trial court's application of judicial estoppel to the debtors and barred them "from receiving any benefit from the suit in the event of a recovery." Id.
¶ 12 Federal bankruptcy courts have taken the same approach, holding that bankruptcy debtors and trustees have separate identities for purposes of judicial estoppel. E.g., An-Tze Cheng, 308 B.R. at 455, 457 n. 4 ("[A] trustee ordinarily may not be judicially estopped on account of an earlier inconsistent position taken by the debtor."); In re Lopez, 283 B.R. 22, 27 (9th Cir. BAP 2002) (holding that a bankruptcy appellate panel abuses its discretion by preventing a bankruptcy trustee from reopening a chapter 7 bankruptcy proceeding when reopening the case would potentially benefit creditors); accord Wood v. Household Fin. Corp., 341 B.R. 770, 774 (W.D.Wash.2006) (holding that "there is a difference between a debtor attempting to pursue an action for his own benefit, and a trustee pursuing an action for the benefit of the creditors"); Martin v. U.S. Bank, No. 4:04CV01527, 2005 WL 3107722, at *5, 2005 U.S. Dist. LEXIS 30971, at *13 (E.D.Mo. Nov. 18, 2005) (applying "the equitable remedy of judicial estoppel . . . to preclude Plaintiff from recovering anything from this action, while allowing the Trustee to proceed on behalf of the bankruptcy estate for the benefit of the debtors' creditors").
¶ 13 We agree. We hold that a trial court may not generally apply the doctrine of judicial estoppel to bar a bankruptcy trustee standing as the real party from pursuing a debtor's legal claim not listed as an asset during bankruptcy proceedings. As the Bartley-Williams court correctly noted, a bankruptcy trustee has a separate identity from the bankruptcy debtor. We therefore overrule Garrett to the extent necessary to clarify that "a trustee ordinarily may not be judicially estopped on account of an earlier inconsistent position taken by the debtor." An-Tze Cheng, 308 B.R. at 457 n. 4. Absent some inconsistency on the part of the trustee, applying judicial estoppel to bar a bankruptcy trustee from becoming the real party in interest and pursuing the debtor's claims on behalf of the creditors is an abuse of discretion. Accordingly, we reverse summary judgment and remand to superior court for further proceedings.[2]

Conclusion
¶ 14 The trial court abused its discretion when it dismissed Arkison's claim as the chapter 7 bankruptcy trustee. We reverse the trial court's summary judgment award and remand to superior court for further proceedings.
WE CONCUR: Gerry L. Alexander, Chief Justice, Charles W. Johnson, Barbara A. Madsen, Bobbe J. Bridge, Tom Chambers, Mary E. Fairhurst, James M. Johnson, Justices.
*17 SANDERS, J. (concurring).
¶ 15 The majority holds a bankruptcy trustee and a debtor are different parties for purposes of judicial estoppel. I concur. But I write separately to emphasize trial courts should rely exclusively on the three factors enumerated by the United States Supreme Court.[1] While the majority notes these are "core" factors, it goes on to say "`[a]dditional considerations'" may guide a court's decision without explaining precisely what these factors are. Majority at 15 (alteration in original) (quoting New Hampshire v. Maine, 532 U.S. 742, 753, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) and quoting John S. Clark Co. v. Faggert & Frieden, P.C., 65 F.3d 26, 29 (4th Cir.1995)). Despite a citation to the six factors noted in Markley v. Markley, the majority's amorphous standard potentially grants too much discretion to a trial court. Majority at 15 (citing Markley v. Markley, 31 Wash.2d 605, 614-15, 198 P.2d 486 (1948)). Additional factors create unnecessary pliability in a system that prefers predictability. "Vague standards are manipulable." Crawford v. Washington, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).
¶ 16 Furthermore, the factors announced in Markley were derived entirely from quoting secondary authority. Markley, 31 Wash.2d at 614-15, 198 P.2d 486 (quoting 19 Am.Jur. Estoppel § 73, at 709). These factors are dicta, and we have never held they are requisite ingredients to a trial court's analysis.[2] Indeed though the wording is somewhat different, Markley's six factors essentially overlap with the three core factors. The only ones that are somewhat supplemental are the first, second, and fourth factors. See id. But these are more a matter of procedure than substantive analysis.
¶ 17 The three core factors as set forth by the United States Supreme Court and relied on by the majority supply all the elements a trial court needs to determine whether judicial estoppel applies. Rather than crafting additional considerations, trial courts should simply rely upon these three factors to guide their analysis.
¶ 18 I concur.
NOTES
[1] A bankruptcy debtor has an affirmative duty under the bankruptcy code "`to disclose all assets, including contingent and unliquidated claims.'" Cunningham, 126 Wash.App. at 229-30, 108 P.3d 147 (quoting In re Coastal Plains, Inc., 179 F.3d 197, 207-08 (5th Cir.1999) (emphasis omitted)); accord 11 U.S.C. § 521(1).
[2] The parties disagree as to the potential recovery of Carter. Ethan Allen contends that Carter should not be allowed to recover any damages above those that satisfy her debts while Arkison contends that Carter should be allowed to recover money beyond the amount used to satisfy the debts. The trial court and bankruptcy courts are in the best position to determine the extent of Carter's recovery. Lopez, 283 B.R. at 29-30 (noting that the trial court may apply judicial estoppel against debtor as former litigator or impose sanctions, the bankruptcy court may disallow a claimed exemption if appropriate, and the debtor may face penalties and prosecution in certain circumstances). Thus, we remand this issue to the trial court for further determination.
[1] These three core factors are "(1) whether `a party's later position' is `"clearly inconsistent" with its earlier position'; (2) whether `judicial acceptance of an inconsistent position in a later proceeding would create "the perception that either the first or the second court was misled"'; and (3) `whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" Majority at 15 (quoting New Hampshire v. Maine, 532 U.S. 742, 750-51, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (quoting United States v. Hook, 195 F.3d 299, 306 (7th Cir.1999) and Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 599 (6th Cir.1982))).
[2] The factors quoted in Markley are: "`(1) The inconsistent position first asserted must have been successfully maintained; (2) a judgment must have been rendered; (3) the positions must be clearly inconsistent; (4) the parties and questions must be the same; (5) the party claiming estoppel must have been misled and have changed his position; (6) it must appear unjust to one party to permit the other to change. The courts are not altogether agreed, however, as to the application of some of these limitations.'" Id. at 614-15, 198 P.2d 486 (quoting 19 Am.Jur. Estoppel § 73).