This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 32,584**

**JUSTIN MUNIZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Robert M. Schwartz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Vicki W. Zelle, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}     Defendant Justin Muniz appeals a district court judgment affirming his conviction for driving while intoxicated, entered in an on-record appeal from his metropolitan court conviction. In our notice of proposed summary disposition, we proposed to affirm. Muniz has filed a memorandum in opposition and a motion to amend the docketing statement, which this Court has duly considered. As we do not find Muniz's arguments persuasive, we deny his motion to amend and we affirm.

**Foundation for Muniz's Breath Test Results**

{2}     Muniz contends that the metropolitan court abused its discretion in admitting the card showing his breath alcohol test results, which he asserts should have been excluded on foundational grounds. [DS 13] The basis of his argument is that, although the metropolitan court stated that it disagreed with our Supreme Court's reasoning in *State v. Martinez*, 2007-NMSC-025, ¶¶ 13-24, 141 N.M. 713, 160 P.3d 894, it nevertheless applied *Martinez* in ruling that there was an adequate foundation for the admission of the breath test results. In our notice of proposed summary disposition, we proposed to find no error in the metropolitan court's ruling.

{3}     Muniz has filed a memorandum in opposition in which he argues that the metropolitan court abused its discretion because it believed that it was without discretion to rule contrary to *Martinez*. [MIO 19-26] Muniz has failed to provide any argument or authority that would persuade us that this was reversible error under the facts of this case. As in *Martinez*, the officer testified that he saw a certification

2

sticker on the machine providing that the machine had been properly certified at the time of the test, and that the machine appeared to work properly. *See id.* ¶ 23 (holding that the foundational requirements were met when an officer testified that he saw an SLD sticker on the machine indicating that it was certified by SLD when he conducted the test). Although the officer's memory about other parts of his encounter with Muniz was imperfect, the district court did not find that the officer's testimony regarding the certification and operation of the machine was not credible. Accordingly, under the facts of this case, the metropolitan court did not abuse its discretion in concluding that it was bound by *Martinez*.

**Muniz's Right to Confront the Witnesses Against Him**

{4}      Muniz contends that the metropolitan court erred in refusing to rule on the merits of his argument that the Confrontation Clause required the exclusion of the breath card, and instead rejecting the Confrontation Clause claim as untimely. [DS 13] In our notice of proposed summary disposition, we proposed to hold that Muniz's Confrontation Clause argument was without merit, as this Court has held that the information on the certification sticker is not testimonial. *See State v. Anaya*, 2012-NMCA-094, ¶ 25, 287 P.3d 956 ("Because the underlying science and functionality of the [breath test machine] bears only on the measurement to be used in conducting an analytical, scientific process, the scientific aspects of the breathalyzer machine are non-testimonial and the Confrontation Clause does not apply."), *cert. denied*, 2012-

3

NMCERT-007, 295 P.3d 599. Since the officer who performed the test was available at trial and subject to cross-examination, we proposed to hold that Muniz's Confrontation Clause rights were not violated. *See id.* ¶ 26 (holding that where the officer who administered the breath test testified at trial and was available for cross-examination regarding the factual circumstances involved in the administration of the breath test, the defendant's Confrontation Clause rights were not violated).

{5}     In Muniz's memorandum in opposition, he concedes that *Anaya* is controlling. [MIO 26]  Accordingly, we conclude that Muniz was not deprived of his right to confront the witnesses against him.

**Motion to Amend the Docketing Statement**

{6}     Muniz seeks to amend the docketing statement to add an argument that the officer lacked probable cause to arrest him. [MIO 14-19] First, we note that this issue was not appealed to the district court [RP 80], and it therefore is not properly before us for review.  In addition, the basis of Muniz's argument is that the officer's memory of the incident was not good, such that his testimony should not have been believed. Muniz's argument asks this Court to assess the officer's credibility and to reweigh the evidence in his favor, which this Court will not do.  *See State v. Ryon*, 2005-NMSC-005, ¶ 11, 137 N.M. 174, 108 P.3d 1032 (stating that when reviewing a ruling on a motion to suppress, "[w]e view the facts in the light most favorable to the prevailing party and defer to the district court's findings of historical facts and witness credibility

4

when supported by substantial evidence"). Accordingly, for each of these reasons, we deny Muniz's motion to amend the docketing statement. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying the defendant's motion to amend the docketing statement when the argument sought to be raised was not viable).

{7}     Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

{8}     **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____

**JONATHAN B. SUTIN, Judge**


_____

**J. MILES HANISEE, Judge**