# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MICHAEL E. FIX and MARCIA FIX, husband and wife, | No. 59113-8-II |
| Appellants, | |
| v. | |
| JOY E. FIX, a single person; and JOSEPH T. FIX, a single person, | UNPUBLISHED OPINION |
| Respondents. | |

GLASGOW, J.—Joy Fix and her husband, Louis Fix, were the longtime owners of a home in Lakewood, Washington. In 1990, Joy and Louis[1] executed and recorded a quit claim deed assigning ownership of the Lakewood home to the "Louis and Joy Fix Living Trust". Then in 2004, Joy and Louis executed and recorded a quit claim deed assigning ownership of the Lakewood home after their deaths to their son Michael Fix, but this quitclaim deed did not mention the trust, and Joy and Louis did not sign the deed in their capacity as trustees of the trust.

In 2022, Michael and his wife, Marcia Fix,[2] filed a complaint for waste against Joy, alleging that the Lakewood home showed signs of neglect, disuse, and uninhabitability. Shortly before trial, the trial court denied Michael's motion to amend the complaint to add a claim to quiet title in the Lakewood home. The case proceeded to a bench trial, but after the close of Michael's

---

[1] Because the parties share the same last name, we use first names for clarity.

[2] We refer to the plaintiffs collectively as "Michael" for ease of reference.

evidence, the trial court dismissed Michael's complaint under CR 41(b)(3) because the court concluded Michael had no interest in the home.

Michael appeals, arguing that the trial court erred when it denied Michael's motion to amend the complaint to include a claim for quiet title, declined to reform the 2004 quit claim deed to effectuate the intent of the parties, and misapplied the burden of proof. We affirm the trial court's order dismissing this action.

FACTS

The following facts are drawn primarily from the trial court's findings of fact following the bench trial, which are unchallenged and therefore verities on appeal. *Seven Hills, LLC v. Chelan County*, 198 Wn.2d 371, 384, 495 P.3d 778 (2021).

I. PROPERTY TRANSACTIONS

In 1950, Joy and her husband, Louis Fix, purchased a home in Lakewood. The couple had six children.

In 1990, Joy and Louis executed and recorded a quit claim deed assigning ownership of the Lakewood home to the Louis and Joy Fix Living Trust. Louis and Joy were the listed trustees and intended beneficiaries. When the current litigation began in 2022, the home was still titled in the name of the Louis and Joy Fix Living Trust.

In 2004, Louis and Joy, in their personal capacity, executed a quit claim deed reserving their personal interest in the Lakewood home to themselves as a life estate, and then to Michael. This deed was also recorded. The 2004 quitclaim deed did not mention the trust or convey the property in Louis and Joy's capacity as trustees of the trust. There was no "contract, purchase agreements, or other written agreements" between Michael and the Louis and Joy Fix Living Trust

to show intent that the trust, instead of Louis and Joy individually, was transferring the property to Michael. Clerk's Papers (CP) at 886 (Finding of Fact (FF) 5).

Louis passed away in 2008. Joy then moved out of the home and in with one of the couple's daughters.

Michael promised his father before he passed away that he would try and care for his mother. In upholding this promise, Michael occasionally paid money owing on the home for insurance, taxes, and utilities. Michael did not inform Joy that he was doing this and did not request to be repaid.

## II. 2011 LITIGATION

Michael and Joy's relationship deteriorated, and in 2011, Joy filed a lawsuit against Michael to determine ownership of a separate property in Roy, Washington. As part of the 2011 lawsuit, Michael deposed Joy, who at the time was 84 years old and not proficient in legal matters. In the deposition, Joy testified she believed Michael had an ownership interest in the Lakewood home. She also testified in the same deposition that the "big house," meaning the Lakewood property, was in the living trust. CP at 148.

In the trial court's findings of fact for the 2011 lawsuit, the court stated, "In 2004, [Joy and Louis] conveyed title to the house and property in which [Joy and Louis] resided ("the Big House") to Defendant Michael Fix, retaining life estates on that property." CP at 120. But the 2011 lawsuit made no formal determination regarding ownership of the Lakewood home and neither party made a request for such a determination.

### III. Current Litigation

While Michael claimed to have an ownership interest in the Lakewood home pursuant to the 2004 quit claim deed, he made no effort to obtain a formal, legal determination of ownership. Michael also did not make overt claims of ownership to Joy.

In January 2022, Michael filed a complaint for waste against Joy. Joy answered the complaint, denying that Michael had any personal ownership interest in the Lakewood home.

In April 2022, Joy moved for summary judgment, asserting that in 2004 the property was not owned in Joy and Louis's personal capacity, but instead was owned by the Louis and Joy Fix Living Trust. Thus, she contended that the 2004 quit claim deed conveyed no actual property interest. Consequently, Joy asserted that Michael did not have any ownership interest in the property or standing to bring his claim. Michael also filed a motion for summary judgment alleging in relevant part that the deed should be reformed, based on mutual mistake or a scrivener's error, to conform to the parties' intent to transfer the property from the Louis and Joy Fix Living Trust to Michael. In other words, Michael argued it was a mutual mistake that Louis and Joy signed the 2004 quitclaim deed in their individual capacities, rather than as trustees for the estate. The trial court denied both motions.

In October 2022, Joy executed several deeds transferring her interest in multiple properties to her other children. One of the deeds transferred the Lakewood home to Michael's brother Joseph. Joy signed this deed in her capacity as the remaining trustee of the Louis and Joy Fix Living Trust.

In January 2023, the trial court allowed Michael to amend his complaint to add equitable causes of action, including a constructive trust claim. He did not move to add a claim for quiet title to the property despite his argument at summary judgment.

In July 2023, the parties unsuccessfully attempted to settle their claims in mediation. Trial was set for September 12, 2023.

On August 15, 2023, less than 30 days before trial, Michael filed another motion to amend his complaint. This time he wanted to add his brother Joseph as a defendant and add a claim seeking to quiet title to the Lakewood property. He also requested a continuance to "sometime in 2024." CP at 521. Michael asserted at a hearing that he never had the intention to seek quiet title because he believed he had only "a life estate in the property, not that he own[ed] it free and clear." Verbatim Rep. of Proc. (VRP) (Sept. 1, 2023) at 10. The trial court granted Michael's motion to add Joseph as a party; however, the court did not permit Michael to add a new claim of quiet title. The trial court reasoned that "[t]here ha[d] been plenty of time to seek leave" to add the quiet title claim earlier. *Id*. at 14-15. The trial court then granted a "short continuance" based on the new party being added, noting that it was "very mindful" of Joy's age because she was 95 at the time and in poor health. *Id*. at 13.

The matter proceeded to a bench trial. At the end of Michael's presentation of evidence, Joy moved for dismissal under CR 41(b)(3), arguing that Michael had no interest in the property because he failed to prove that he had a valid chain of title and therefore could not establish any grounds for relief. The trial court granted the motion. In its oral ruling, the court stated, "[T]here's just simply been no proof or evidence presented other than argument that there was no valid trust. . . . On its face, the 1990 quitclaim deed is deemed valid." VRP (Nov. 15, 2023) at 92.

The trial court entered findings of fact consistent with the facts described above and conclusions of law. Relevant to this appeal, the trial court entered the following conclusions of law:

> 3.     Pursuant to the Trust Deed, the Subject Property was successfully conveyed in 1990 from Louis and Joy Fix in their personal capacity, to their Louis and Joy Fix Living Trust. The Trust Deed is valid on its face.
>
> . . . .
>
> 5.     Louis and Joy Fix had no interest in the Subject Property at the time of executing the 2004 Quit Claim Deed. Thus, [Michael] acquired no interest in the Subject Property pursuant to the 2004 Quit Claim Deed.
>
> 6.     Insufficient evidence was presented at trial to support the modification of the 2004 Deed pursuant to [Michael's] arguments of mutual mistake or scrivener's error, which would have added that Louis and Joy Fix made the transfer of interest as trustees of the Louis and Joy Fix Living Trust.
>
> . . . .
>
> 10.     Here, [Michael] had no ownership interest in, or possession of, the Subject Property. Thus, [Michael] ha[s] no standing for [his] claim of Waste.
>
> . . . .
>
> 13.     There are no facts or clear, cogent, and convincing evidence that Louis and Joy Fix Living Trust were not the intended beneficiaries of the title to the Subject Property, or that they acquired title to the Subject Property through any wrongdoing.
>
> 14.     Payments that Michael made to benefit the Subject Property, or its owners, were voluntary and are not indicative of any wrongdoing. It does not matter whether Plaintiffs' payments were in furtherance of the promise Michael made to his father, or if they [were] made under the false belief of ownership. Awarding them ownership in fee of the Subject Property is inequitable.
>
> 15.     Neither law nor equity supports Plaintiffs' request to impose a constructive trust for the Subject Property.
>
> . . . .

6

17.     Neither the cause of action nor the subject matter in the Prior Lawsuit [regarding the Roy property] are the same as in this case. Plaintiffs have no basis to assert res judicata to establish ownership in the Subject Property.

. . . .

19.     In addition to the ownership of Subject Property not being at issue in the Prior Lawsuit, legal assertions during a deposition from a layperson about a nonissue does not constitute an inconsistent earlier position.

20. The Court was not misled, nor was it in danger of being misled, by taking Defendants' position about the Subject Property in this case.

. . . .

22.     Plaintiffs cannot rely on judicial estoppel to preclude Defendants' positions, defense, or legal assertions in this case.

CP at 887-90. The trial court dismissed the complaint under CR 41(b)(3).

Michael appeals.

ANALYSIS

Michael asserts that the trial court abused its discretion when it denied his motion to add a claim to quiet title less than one month before trial was to begin. Next, Michael contends that the trial court erred in granting Joy's motion for dismissal under CR 41(b)(3). Finally, he argues that the court failed to reform the 2004 quit claim deed to effectuate the parties' alleged intent and misapplied the burden for proving the Lakewood home was part of a trust. We reject these arguments.

I. DENIAL OF MOTION TO AMEND COMPLAINT TO ADD CLAIM FOR QUIET TITLE

Michael argues that the trial court erred in denying his motion to amend his complaint to add a quiet title claim. We disagree.

We review a trial court's decision denying leave to amend a complaint for abuse of discretion. *Bank of Am. NT & SA v. Hubert*, 153 Wn.2d 102, 122, 101 P.3d 409 (2004). "The touchstone for denial of an amendment is the prejudice such an amendment would cause the nonmoving party." *Caruso v. Loc. Union No. 690 of Int'l Bhd. of Teamsters*, 100 Wn.2d 343, 350, 670 P.2d 240 (1983). "Undue delay on the part of the movant in proposing the amendment constitutes grounds to deny a motion to amend only where such delay works undue hardship or prejudice upon the opposing party." *Oliver v. Flow Int'l Corp.*, 137 Wn. App. 655, 664, 155 P.3d 140 (2006). In assessing prejudice, the court may consider potential delay and unfair surprise. *Karlberg v. Otten*, 167 Wn. App. 522, 529, 280 P.3d 1123 (2012).

The scheduled trial date was less than a month away when Michael sought to add a new party and a new cause of action. At that point, the matter had been ongoing for 19 months. Joy's position that the trust, not Louis and Joy in their personal capacity, owned the property in 2004 had been clear from at least the time the parties cross moved for summary judgment in April 2022. Yet, Michael waited more than a year after the summary judgment ruling without seeking to add a claim to quiet title, moving to add the claim only four weeks before trial. And at the hearing on the motion to amend the complaint, counsel for Michael confirmed this was the first time Michael was making a claim for more than a life estate in the Lakewood property. As the trial court indicated, there had "been plenty of time" to seek leave to add a claim to quiet title. VRP (Sept. 1, 2023) at 14. Presumably recognizing the potential importance of Joy's testimony, the court also noted Joy's advanced age as a reason to deny Michael's motion for a lengthy continuance.

Given the undue delay and Joy's advanced age, the trial court did not abuse its discretion in denying leave to amend the complaint to add a quiet title action shortly before trial.

## II. Dismissal of Michael's Complaint Under CR 41(b)(3)

### A.     Standard of Review

A trial court may grant a motion to dismiss at the close of the plaintiff's case under CR 41(b)(3). Dismissal is proper where, at the close of the plaintiff's case, there is no evidence or reasonable inferences therefrom that would support a verdict for the plaintiff. *Commonwealth Real Est. Servs. v. Padilla*, 149 Wn. App. 757, 762, 205 P.3d 937 (2009). When the trial court enters findings of fact and conclusions of law to support its CR 41(b)(3) dismissal, we review the findings of facts for substantial evidence. *In re Dependency of Schermer*, 161 Wn.2d 927, 940, 169 P.3d 452 (2007). When, like here, the findings of fact are unchallenged, they are verities on appeal. *Seven Hills*, 198 Wn.2d at 384. Accordingly, our focus is on whether the trial court's unchallenged findings of fact support the challenged conclusions of law. *Schermer*, 161 Wn.2d at 940.

### B.     Refusal to Reform the 2004 Quitclaim Deed

Michael argues that the trial court should have reformed the 2004 quit claim deed to state that Joy and Louis intended to transfer their interest to him as trustees of the Louis and Joy Fix Living Trust and not as individuals. We disagree.[3]

"'One seeking reformation of an instrument must prove, by clear, cogent and convincing evidence'" three factors. *Lawson v. Bankers Ins. Co*., 33 Wn. App. 2d 418, 429, 562 P.3d 785 (2025) (quoting *Leonard v. Wash. Emps., Inc*., 77 Wn.2d 271, 279, 461 P.2d 538 (1969)). The plaintiff must show that "'both parties to the instrument had an identical intention as to the terms to be embodied in a proposed written document,'" that "'the writing [that] was executed is

---

[3] We note that this argument does not depend on the quiet title claim that the trial court declined to allow Michael to add to his complaint.

materially at variance with that identical intention,'" and that "'innocent third parties will not be unfairly affected by reformation of the writing to express that identical intention.'" *Id.* (quoting *Leonard*, 77 Wn.2d at 279). "Mutual mistake occurs if the intention of the parties is identical at the time of the transaction and the writing executed by them does not express that intention." *Wilhelm v. Beyersdorf*, 100 Wn. App. 836, 843, 999 P.2d 54 (2000).

In Finding of Fact No. 5, which is a verity on appeal, the trial court found that the parties had presented no "contracts, purchase agreements, or other written agreements" between Michael and the Louis and Joy Fix Living Trust to show intent for the trust to transfer the Lakewood property to Michael with the 2004 deed. CP at 886 (FF 5). In addition, the trial court saw the testimony of both Michael and Joy at trial. Based on the lack of documentary evidence of the parties' intent, as well as the testimony at trial, the trial court concluded that "[i]nsufficient evidence was presented at trial to support the modification of the 2004 Deed pursuant to [Michael's] arguments of mutual mistake or scrivener's error, which would have added that Louis and Joy Fix made the transfer of interest as trustees of the Louis and Joy Fix Living Trust." CP at 888 (Conclusion of Law (CL) 6).

The trial court was in the best position to assess the parties' intentions, and we do not revisit a trial court's judgment regarding credibility on appeal. *Real Carriage Door Co., Inc. ex. rel. Rees v. Rees*, 17 Wn. App. 2d 449, 457, 486 P.3d 955 (2021). Moreover, as the trial court pointed out, quitclaim deeds, by their very nature, only pass the interest that the grantor had at the time of making the deed; a quitclaim deed does not warrant or in any way guarantee that the grantor had a valid interest in the property when they signed the deed. "It has long been the rule that a valid quitclaim deed 'passes all the right, title, and interest *which the grantor has at the time of making*

*the deed and which is capable of being transferred by deed*, unless a contrary intent appears.'"

*Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc*., 168 Wn. App. 56, 67, 277

P.3d 18 (2012) (emphasis added) (internal quotation marks omitted) (quoting *McCoy v. Lowrie*,

44 Wn.2d 483, 486, 268 P.2d 1003 (1954)).

Michael next points to the 2011 litigation to argue that res judicata and judicial estoppel

support his arguments. Res judicata precludes litigation of an entire claim when a prior proceeding

involving the same parties and issues culminated in a judgment on the merits and the claim either

was litigated or could have been litigated in the prior proceeding. *Weaver v. City of Everett*, 194

Wn.2d 464, 480, 450 P.3d 177 (2019). Judicial estoppel "'precludes a party from asserting one

position in a court proceeding and later seeking an advantage by taking a clearly inconsistent

position.'" *Miller v. Campbell*, 164 Wn.2d 529, 539, 192 P.3d 352 (2008) (internal quotation marks

omitted) (quoting *Arkison v. Ethan Allen, Inc.,* 160 Wn.2d 535, 538, 160 P.3d 13 (2007)). An

essential element for courts to consider is "whether 'judicial acceptance of an inconsistent position

in a later proceeding would create the perception that either the first or the second court was

misled.'" *Arkison*, 160 Wn.2d at 539 (internal quotation marks omitted) (quoting *New Hampshire

v. Maine,* 532 U.S. 742, 750-51, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001)).

As the trial court correctly concluded, "Neither the cause of action nor the subject matter

in the Prior Lawsuit are the same as in this case. Plaintiffs have no basis to assert res judicata to

establish ownership in the Subject Property." CP at 889 (CL 17). Moreover, Michael fails to

persuasively challenge the trial court's conclusion that "legal assertions during a deposition from

a layperson about a nonissue does not constitute an inconsistent earlier position." CP at 890 (CL

19). And there is no perception that either the trial court in the prior litigation or the trial court in

this case were somehow misled by Joy's deposition testimony, a necessary element of judicial estoppel. *Arkison*, 160 Wn.2d at 539. As such, Michael cannot rely on res judicata or judicial estoppel to preclude Joy's defense or legal assertions in this case.

In sum, Michael fails to show that the trial court erred in declining to reform the 2004 deed.

C.        Misapplication of the Burden of Proof

Finally, Michael argues that the trial court misapplied the burden of proof when, during its oral ruling, the court noted that there had been no proof or evidence presented to undermine the validity of the trust itself. Michael argues it was not his burden to show that the trust did not exist, which in essence would require him to prove a negative. But this argument about proving the validity or invalidity of the trust is only relevant to a claim seeking to quiet title of the Lakewood property. It is not relevant to Michael's claim for waste. The trial court acted within its discretion when it declined to allow amendment of the complaint to add a claim to quiet title. Therefore, we need not address this issue further.

III. DENIAL OF SUMMARY JUDGMENT

Joy dedicates a section of her response brief to the argument that the trial court erred in denying her motion for summary judgment. But she did not file a notice of cross review. Under RAP 5.1(d), a party already a respondent in an appeal must file a notice of cross review to separately allege error. *See also Naumes, Inc. v. City of Chelan*, 184 Wn. App. 927, 934-35, 339 P.3d 504 (2014) (courts will not review request for affirmative relief raised in response brief when respondent failed to file notice of cross review). Therefore, we decline to address this issue further.

CONCLUSION

We affirm the trial court's order dismissing this action under CR 41(b)(3).

No. 59113-8-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

VELJACIC, A.C.J.

PRICE, J.