# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| BENJAMIN C. ARP, | ) | No. 72613-7-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| JAMES H. RILEY and "JANE DOE" | ) | |
| RILEY, husband and wife and | ) | |
| the marital community composed | ) | |
| thereof; and SIERRA | ) | |
| CONSTRUCTION CO. INC., | ) | |
| a Washington State Corporation, | ) | |
| | ) | FILED:  December 28, 2015 |
| Respondents. | ) | |
| | ) | |

LEACH, J. — Benjamin C. Arp appeals the trial court's summary dismissal of his personal injury action against James H. Riley and Sierra Construction Company Inc. (collectively Sierra). The trial court decided that the judicial estoppel doctrine barred this lawsuit because Arp failed to amend the schedules in his Chapter 13 bankruptcy case to inform the court about a personal injury claim he acquired after that court confirmed Arp's payment plan. Because judicial estoppel is an equitable doctrine to be applied by the trial court through its exercise of discretion on a case-by-case basis after evaluating the pertinent factors and because the trial court did not do this, we reverse and remand for proceedings consistent with this opinion.

FACTS

Arp filed a Chapter 13 bankruptcy petition on July 22, 2008. The bankruptcy court confirmed Arp's Chapter 13 plan on December 17, 2009. The confirmation order required him to inform the Trustee of any change in circumstances and allowed Arp to retain his property:

> 1. That subject to the terms of this order, the plan proposed by the debtor dated 12-09-09 is hereby confirmed;
>
> . . . .
>
> 4. That the debtor shall inform the Trustee of any change in circumstances, or receipt of additional income, and shall further comply with any requests of the Trustee with respect to additional financial information the Trustee may require;
>
> . . . .
>
> 6. That during the pendency of the plan hereby confirmed, all property of the estate, as defined by 11 U.S.C. section 1306(a) shall remain vested in the debtor, under the exclusive jurisdiction of the Court, and further, that the debtor shall not, without specific approval of the Court, lease, sell, transfer, encumber or otherwise dispose of such property.

On October 5, 2010, Arp suffered serious injuries when a sports utility vehicle (SUV) rear-ended his stopped car. James Riley drove the SUV while working for Sierra Construction Company. Arp sustained physical injuries as well as mental and emotional problems, including difficulty with memory. He cannot engage in the physical activities he previously enjoyed. A neuropsychologist described his symptoms as consistent with cognitive disorder NOS (not otherwise specified) and adjustment disorder NOS, as well as depression and anxiety.

After the accident, Arp missed several payments on his Chapter 13 plan, totaling $2,875.00. The bankruptcy trustee moved to dismiss Arp's bankruptcy case in November 2011. Arp responded, stating that he forgot to make payments because he experienced memory loss as a result of a car accident for which he was not at fault. Arp also noted that he had paid $154,336.42 to his creditors under his Chapter 13 plan. The trustee struck the motion to dismiss, and in March 2012, the bankruptcy court granted Arp a discharge. Arp paid off his remaining debts under the Chapter 13 plan, and the bankruptcy court closed his case in April 2012.

Arp filed suit against Riley and later amended his complaint to include Sierra Construction Company. In Sierra's amended answer, it asserted the affirmative defenses of judicial estoppel and lack of standing. The trial court dismissed Arp's case on summary judgment, concluding that because Arp's personal injury claim against Sierra "is properly considered an asset of the bankruptcy estate, as defined in 11 U.S.C. § 1306(a)(1)," Arp "had a duty to disclose the post-petition asset in his bankruptcy action." It also decided that Arp's response to the trustee's motion to dismiss did not satisfy the disclosure obligation created by the confirmation order. The trial court denied Arp's motion for reconsideration. Arp appeals.

## STANDARD OF REVIEW

This court reviews a trial court's grant of summary judgment de novo, affirming only if no genuine issues of material fact exist, viewing the evidence in the light most favorable to the nonmoving party.[1] But "[w]e review a trial court's decision to apply the equitable doctrine of judicial estoppel for abuse of discretion."[2] "A trial court abuses its discretion when it bases its decision on untenable or unreasonable grounds."[3]

## ANALYSIS

Arp challenges the trial court's decision that judicial estoppel bars this lawsuit because he did not properly disclose his claim in his Chapter 13 bankruptcy proceeding. He also challenges its decision that his claim remained an asset of the bankruptcy estate and could be pursued only by the trustee. Arp contends that he had no duty to disclose the claim and that he owned it because of the provisions of the confirmation order. Alternatively, he claims that he made an adequate disclosure.

Sierra responds that both the bankruptcy code and the confirmation order imposed a disclosure obligation. Because Arp did not disclose his claim, judicial

---

[1] Cunningham v. Reliable Concrete Pumping, Inc., 126 Wn. App. 222, 226-27, 108 P.3d 147 (2005); Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001).
[2] Arkison v. Ethan Allen, Inc., 160 Wn.2d 535, 538, 160 P.3d 13 (2007).
[3] Harris v. Fortin, 183 Wn. App. 522, 527, 333 P.3d 556 (2014).

estoppel bars it. Sierra also asserts that Arp's claim remains part of the bankruptcy estate and can only be pursued by the bankruptcy trustee.

Judicial estoppel "'precludes a party from asserting one position in a court proceeding and later seeking an advantage by taking a clearly inconsistent position.'"[4] It is intended to protect the integrity of the courts but is not designed to protect litigants.[5]

A court looks to three factors to determine if judicial estoppel applies: (1) if the party asserts a position inconsistent with an earlier one, (2) if acceptance of the position would create the perception that a party misled a court in either proceeding, and (3) if the party asserting the inconsistent position would derive an unfair advantage or impose an unfair detriment.[6] But this is not an exhaustive formula nor are there inflexible prerequisites, thus "[a]dditional considerations may inform the doctrine's application in specific factual contexts."[7] Indeed, courts must apply judicial estoppel at their own discretion; they are not bound to apply it but rather must determine on a case-by-case basis if applying the doctrine is appropriate.[8]

---

[4] Arkison, 160 Wn.2d at 538 (quoting Bartley-Williams v. Kendall, 134 Wn. App. 95, 98, 138 P.3d 1103 (2006)).

[5] Ah Quin v. County of Kauai Dep't of Transp., 733 F.3d 267, 271 (9th Cir. 2013); Johnson v. Si-Cor Inc., 107 Wn. App. 902, 907-08, 28 P.3d 832 (2001).

[6] Arkison, 160 Wn.2d at 538-39 (quoting New Hampshire v. Maine, 532 U.S. 742, 750-51, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001)).

[7] New Hampshire, 532 U.S. at 743.

[8] Ah Quin, 733 F.3d at 272.

We first decide if Arp's nondisclosure of his claim as an asset in his bankruptcy proceeding constituted a clearly inconsistent position. Nondisclosure of a claim later brought in state court can support the application of judicial estoppel because a party asserts two opposing positions.[9] As a general rule, if a debtor in a bankruptcy proceeding fails to report a cause of action and obtains a discharge or confirmation, a trial court may apply judicial estoppel to bar the action.[10] This prevents a debtor from protecting the asset from creditors by representing to the bankruptcy court that no claim exists and then asserting in another court that the claim does exist.[11] But "[a] party's nondisclosure of a claim in bankruptcy does not automatically lead to estoppel in a future suit," especially where a party lacks knowledge or has no motive to conceal the claims.[12]

Arp claims that he did not take any inconsistent position because the bankruptcy code and the confirmation order made him the claim's owner with no duty of disclosure. Sierra disagrees on both points. Deciding if property belongs to the bankruptcy estate or to the debtor involves interpreting bankruptcy code

---

[9] Harris, 183 Wn. App. at 528.
[10] Ah Quin, 733 F.3d at 271.
[11] Ah Quin, 733 F.3d at 271.
[12] Miller v. Campbell, 137 Wn. App. 762, 771, 155 P.3d 154 (2007), aff'd on other grounds, 164 Wn.2d 529, 192 P.3d 352 (2008) (affirming the result reached by Court of Appeals but applying a different analysis because of the substitution of the trustee).

provisions.[13] The parties' conflicting positions about the ownership of a claim first acquired after a court confirms a Chapter 13 plan reflect a division among courts about how to classify this category of property.[14] When a court enters a confirmation order in a Chapter 13 bankruptcy proceeding, it orders the debtor to apply part of his future income to discharge debts.[15] While a debtor in a Chapter 13 bankruptcy has an ongoing duty to disclose postpetition causes of action that could become property of the bankruptcy estate,[16] claims first acquired after confirmation of a Chapter 13 plan do not always become estate assets. When a court decides that property acquired after confirmation belongs to the debtor, courts have held that the debtor need not disclose that property and therefore have declined to apply judicial estoppel to bar undisclosed claims.[17]

The bankruptcy code does not clearly state what postconfirmation property belongs to the bankruptcy estate. 11 U.S.C. § 1306(a) provides that the bankruptcy estate includes the property specified in 11 U.S.C. § 541 and "all property of the kind specified in such section that the debtor acquires after the

---

[13] Nw. Wholesale, Inc. v. Pac Organic Fruit, LLC, 183 Wn. App. 459, 483, 334 P.3d 63 (2014) (citing In re Pettit, 217 F.3d 1072, 1078 (9th Cir. 2000)), aff'd, 184 Wn.2d 176, 357 P.3d 759 (2015).

[14] See In re Jones, 657 F.3d 921, 927 (9th Cir. 2011).

[15] 11 U.S.C. §§ 1321-1325; In re Hannan, 24 B.R. 691, 692 (Bankr. E.D.N.Y. 1982).

[16] 11 U.S.C. § 521; In re Flugence, 738 F.3d 126, 129 (5th Cir. 2013); In re Foreman, 378 B.R. 717, 720 (Bankr. S.D. Ga. 2007).

[17] Castellano v. Charter Commc'ns, LLC, No. 3:12-CV-05845-RJB, 2013 WL 6086050, at *6 (W.D. Wash. Nov. 19, 2013).

commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first," and certain earnings from the debtor's services. But 11 U.S.C. § 1327(b) states, "Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." And unless the plan states otherwise, the debtor holds this property "free and clear of any claim or interest of any creditor provided for by the plan."[18] The Ninth Circuit has noted the tension between these statutes: "Under § 1327(b), property of the estate revests in the debtor upon confirmation of a Chapter 13 plan, but § 1306(a)(1) does not include confirmation of the plan as one of the events defining the time period in which property acquired by the debtor becomes estate property."[19]

Federal circuit courts and bankruptcy courts addressing this tension have taken four different approaches.[20] In re Jones[21] outlines the four approaches various courts have taken. The modified estate preservation approach requires that property of the estate vests in the debtor at the time of confirmation, but postconfirmation property becomes part of the bankruptcy estate under §

---

[18] 11 U.S.C. § 1327(c).
[19] Jones, 657 F.3d at 927.
[20] Jones, 657 F.3d at 927-28; Barbosa v. Solomon, 235 F.3d 31, 36-37 (1st Cir. 2000).
[21] 657 F.3d 921, 927-28 (9th Cir. 2011).

1306(a).[22] The estate transformation approach vests postconfirmation property in a debtor under § 1327(b), but the estate retains property where necessary to carry out the confirmation plan.[23] The estate termination approach vests all property in the debtor under § 1327(b) unless the confirmation plan states otherwise.[24] These three approaches proceed from the principle that property of the estate revests in the debtor on plan confirmation unless the plan says otherwise. With the fourth, the estate preservation approach, the bankruptcy estate retains all property after confirmation until dismissal or discharge.[25]

Here, the trial court adopted the modified estate preservation approach:

> This court is persuaded that the "modified estate preservation approach," is the most appropriate, to determine whether the . . . post-confirmation accident-related claim is an asset of the bankruptcy estate, or whether it revested with Mr. Arp upon confirmation. It remained an asset of the bankruptcy estate and should have been properly disclosed for consideration by the bankruptcy court.

The Ninth Circuit has affirmatively rejected the "estate preservation approach," noting that no circuit court had adopted it.[26] It declined to adopt any of the other three approaches because it decided it did not need to adopt any single approach to resolve the case before it.[27] It held that the plain language of

---

[22] Jones, 657 F.3d at 927-28; Barbosa, 235 F.3d at 36-37.
[23] Jones, 657 F.3d at 928; Telfair v. First Union Mortg. Corp., 216 F.3d 1333, 1340 (11th Cir. 2000).
[24] Jones, 657 F.3d at 928.
[25] Jones, 657 F.3d at 928.
[26] Jones, 657 F.3d at 928.
[27] Jones, 657 F.3d at 928.

-9-

§ 1327(b) vests property of the bankruptcy estate in the debtor upon plan confirmation unless the debtor chooses differently in the plan.[28] Arp's plan and the confirmation order vested the Sierra claim in Arp. Thus, Arp owns the claim and has standing to assert it.

In Castellano v. Charter Communications, Inc.,[29] the United States District Court for the Western District of Washington held that a Chapter 13 bankruptcy debtor whose discrimination claim arose postconfirmation had no duty to disclose this claim, citing Johnson v. Si-Cor, Inc.[30] The district court's reliance on Johnson provides guidance here.

Sometime after Johnson filed a Chapter 13 case, he sustained injury when he bit into a McDonalds sandwich.[31] Johnson did not list his claim against McDonalds on his Chapter 13 bankruptcy schedule or inform creditors upon conversion to a Chapter 7 bankruptcy.[32] When Johnson sued McDonalds, the trial court dismissed his lawsuit as barred by judicial estoppel.[33] Division Three of this court reversed for three reasons: (1) the trial court questioned if Johnson was obligated to amend his bankruptcy schedule to disclose his claim, (2) a debtor's failure to amend a schedule of assets does not sufficiently involve the

---

[28] Jones, 657 F.3d at 928.
[29] No. 3:12-CV-05845-RJB, 2013 WL 6086050, at *6 (W.D. Wash. Nov. 19, 2013).
[30] 107 Wn. App. 902, 910-11, 28 P.3d 832 (2001).
[31] Johnson, 107 Wn. App. at 904.
[32] Johnson, 107 Wn. App. at 905.
[33] Johnson, 107 Wn. App. at 904.

court so that it accepts the debtor's position, and (3) the record did not show that Johnson's nondisclosure provided him a benefit.[34] Thus, judicial estoppel did not bar his suit.[35]

Sierra contends that because Johnson is a Chapter 7 conversion case and not a Chapter 13 case, the same analysis does not apply. It correctly argues that under 11 U.S.C. § 348(f)(1)(A), the conversion to Chapter 7 caused all postpetition Chapter 13 property to belong to the debtor.[36] But in Johnson, the defendant specifically argues that Johnson's failure to amend his Chapter 13 schedules to include his lawsuit supported the court's application of judicial estoppel.[37]

The Johnson court did note that sometimes Chapter 13 can present a strong case for judicial estoppel: as part of a Chapter 13 confirmation process, the bankruptcy court may require a debtor to represent to it what creditors would have received under a Chapter 7 liquidation, providing the court with evidence to

---

[34] Johnson, 107 Wn. App. at 910.
[35] Johnson, 107 Wn. App. at 912.
[36] 11 U.S.C. §348 provides,
> (f)
>> (1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title—
>>> (A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion.
[37] Johnson, 107 Wn. App. at 910.

-11-

show that the creditors are doing at least as well under Chapter 13.[38] But this describes a debtor's duty existing during and before confirmation and not after the bankruptcy court confirms the plan. As this court later explained in Cunningham v. Reliable Concrete Pumping, Inc.,[39] Johnson's conversion to Chapter 7 did not change the fact that under Chapter 13 he did not have to disclose or schedule his postconfirmation cause of action, and, "[t]herefore, his omission had no effect on the court's valuation process or subsequent decision to confirm his plan," and thus it "did not 'accept' his position that no claim was available to his creditors."

Sierra also contends that Kimberlin v. Dollar General Corp.[40] required Arp to disclose his claim to the bankruptcy court. In Kimberlin, the plaintiff's claim against her employer arose several years after a bankruptcy court confirmed her Chapter 13 plan,[41] and the district court applied judicial estoppel to dismiss her claim because she did not disclose it to the bankruptcy court.[42] On review, the Sixth Circuit recognized but declined to resolve the conflict between 11 U.S.C. § 1306 and § 1327, deciding the judicial estoppel issue on the parties' shared assumption that Kimberlin was required to disclose her cause of action.[43] Thus,

---

[38] Johnson, 107 Wn. App. at 909-10.
[39] 126 Wn. App. 222, 232, 108 P.3d 147 (2005).
[40] 520 F. App'x 312 (6th Cir. 2013).
[41] Kimberlin, 520 F. App'x at 313.
[42] Kimberlin, 520 F. App'x at 313.
[43] Kimberlin, 520 F. App'x at 314.

Kimberlin does not support Sierra's assertion that the bankruptcy code requires disclosure in Arp's case.

The bankruptcy code did not require that Arp amend his schedules to disclose his claim. The trial court erred to the extent it reached a contrary conclusion. Because Arp owned that claim, the trial court also erred when it decided that he lacked standing to assert it.

Next, we read the confirmation order to see if it required disclosure. The code allows for a plan to include "any other appropriate provision not inconsistent with this title."[44] The bankruptcy court has discretion to include provisions in the plan requiring a debtor to amend a schedule of assets to disclose a newly acquired postconfirmation property interest.[45] And 11 U.S.C. § 1329 of the code permits trustees and creditors to modify the payment plan postconfirmation and before completion of a debtor's payments.[46] Here, Arp's plan specifically required that he inform the trustee of any change in circumstance or receipt of additional income. And while the order vested all after-acquired property in Arp, the bankruptcy court retained jurisdiction over these assets. Arp had to obtain

---

[44] 11 U.S.C. § 1322(b)(11).

[45] See In re Waldron, 536 F.3d 1239, 1246 (11th Cir. 2008); Fed. R. Bankr. P. 1009.

[46] 11 U.S.C. § 1329(a) provides that "[a]t any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified" at the request of a creditor to "alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan."

specific permission from the court to exercise any right to "lease, sell, transfer, encumber or otherwise dispose of such property." Sierra argues that this language required Arp to disclose all assets he acquired after confirmation.

Arp asserts that because he owned any claim acquired after the court confirmed his plan, the confirmation order did not impose a duty to disclose the acquisition of that claim. Arp also contends that he satisfied any disclosure obligation imposed by the confirmation order with his response to the trustee's motion to dismiss. But his position that the order did not impose a disclosure obligation ignores the plain language of the order requiring disclosure of "any change in circumstance." Arp provides no credible interpretation of this language. It clearly required that Arp disclose an injury affecting his ability to work and fund his plan as well as his acquisition of an asset, his personal injury claim that might provide a replacement for his lost earnings.

Additionally, Arp does not offer any persuasive explanation why his response to a motion to dismiss provided a reasonable substitute for an amendment to his schedule of assets. In a world of electronic filings where creditors rely upon publicly available dockets to keep informed about the status of cases, an entry disclosing a response to a motion to dismiss does not provide the same notice as an entry disclosing a change in assets. The record adequately supports the trial court's conclusion that Arp's response to the

-14-

trustee's motion to dismiss "cannot fairly be considered the type of notice required by the confirmation order." Thus, for purposes of this opinion, we assume that Arp has taken an inconsistent position.

But Arp's violation of a disclosure obligation does not, as the trial court appears to have decided, mean that judicial estoppel bars Arp's claim as a matter of law.[47] Indeed, the record leaves unanswered serious questions about the equity of applying judicial estoppel to bar his claim.

Judicial estoppel is an equitable doctrine courts apply to protect the integrity of the judicial process,[48] not to benefit a party. When considering whether the doctrine applies in an individual case, a court must consider if the litigant before it asserted inconsistent claims, if the bankruptcy court accepted those claims, and if the litigant benefited from asserting inconsistent claims.[49] And while a court need not make a finding of manipulative intent, usually this has been implied in cases where a court applies judicial estoppel.[50] The record before us does not show that the trial court considered if the bankruptcy court accepted any inconsistent claim made by Arp or if Arp benefited from making any inconsistent claim. Certainly the record lacks sufficient evidence of undisputed facts to allow the trial court to resolve these questions as a matter of law. The

---

[47] Miller, 137 Wn. App. at 771.
[48] Miller, 137 Wn. App. at 771.
[49] Arkison, 160 Wn.2d at 538-39 (quoting New Hampshire, 532 U.S. at 750-51).
[50] Miller, 137 Wn. App. at 771-72.

-15-

record also does not show that the trial court exercised discretion to decide if allowing Arp to pursue his claim would affront the integrity of the judicial process.

Sierra identifies no evidence showing that the bankruptcy court accepted any inconsistent claim asserted by Arp when it granted him relief. Arp had nearly completed his plan payments when he was injured. At the time the trustee moved to dismiss the bankruptcy, Arp had already paid creditors $154,336.42, with only $2,875.00 left to pay. The trustee struck the motion to dismiss. The bankruptcy court had already entered a confirmation order vesting in Arp ownership of assets he acquired after entry of the order, including his claim against Sierra. Sierra produced no evidence showing that any creditor would have considered requesting a plan amendment if Arp had disclosed his claim in an amended schedule. Neither has Sierra offered any persuasive reason to believe the bankruptcy court would have changed the relief it granted Arp. Thus, undisputed facts do not show that the bankruptcy court accepted an inconsistent position or that Arp benefited from nondisclosure.

The trial court erred by resolving the application of judicial estoppel as a matter of law on summary judgment. Before summarily deciding that judicial estoppel barred Arp's claim, the trial court should have considered if undisputed facts in this particular case established pertinent factors as a matter of law. If so,

it must also exercise discretion to decide if allowing Arp to pursue his claim against Sierra would affront the integrity of the judicial process.

## CONCLUSION

Because Arp owned any claim he first acquired after the bankruptcy court confirmed his Chapter 13 plan, Arp did not have a statutory duty to disclose the claim and had standing to pursue it. But the bankruptcy court's confirmation order required disclosure of the claim, and we accept the trial court's decision that Arp did not adequately disclose it. But the record does not establish by undisputed facts the pertinent elements of judicial estoppel. Also, the record does not establish that the trial court exercised individualized discretion to decide that allowing Arp to pursue his claim would affront the integrity of the judicial process. We reverse and remand for proceedings consistent with this opinion.

_Leach, J._

WE CONCUR:

_Dwyer, J._                    _Becker, J._