**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| YEN-VY VAN, | No.  50426-0-II |
| Appellant, | |
| v. | |
| ASSOCIATED ENVIRONMENTAL GROUP LLC; MICHAEL CHUN, | UNPUBLISHED OPINION |
| Respondents. | |

JOHANSON, J.  —  Yen-Vy Van sued Associated Environmental Group LLC (AEG) and Michael Chun alleging that they failed to compensate her for her ownership interest when she resigned from AEG.  AEG and Chun obtained summary judgment dismissal of her claims.  Yen-Vy Van appeals and argues that summary judgment was not appropriate because judicial estoppel does not apply and because she has standing to bring her claims.  Because we agree with Yen-Vy Van, we reverse and remand.

FACTS

I. BACKGROUND

Chun was the owner of AEG, an environmental consulting firm.  Yen-Vy Van worked for AEG from 2006 until her resignation in 2013.  Yen-Vy Van later alleged that Chun had recruited her to AEG by promising an ownership interest.  She claimed that in 2007, Chun promised that

Yen-Vy Van would accrue an annual pledged ownership interest that would vest only if she left AEG or AEG sold or wound up.

In 2008, Chun presented Yen-Vy Van with a "Unit Grant and Sale Agreement" (UGSA) and LLC agreement memorializing the ownership interest percentage and that Chun would have to either buy Yen-Vy Van's interest out or dissolve AEG when Yen-Vy Van left the company. The LLC agreement included that upon a member's bankruptcy, AEG deemed the member to have given notice of retirement. And upon a member giving notice of retirement, AEG's remaining members had to elect between liquidating the member's interest or dissolving AEG.

In 2009, Yen-Vy Van filed a chapter 13 bankruptcy petition, and the bankruptcy court confirmed her plan. Yen-Vy Van's chapter 13 bankruptcy schedules asserted that she had no interest in any business, partnership, or joint venture. In 2014, the bankruptcy court discharged the debtor.

## II. YEN-VY VAN'S LAWSUIT

In 2016, Yen-Vy Van sued AEG and Chun in superior court. Yen-Vy Van alleged that when she resigned in 2013, despite Chun's promises, he refused to recognize her then roughly 25 percent ownership interest in AEG. Based on these allegations, Yen-Vy Van brought claims for breach of contract, misrepresentation, wage theft, breach of the duty of good faith and fair dealing, and securities fraud.

## III. AEG AND CHUN'S SUMMARY JUDGMENT MOTION AND YEN-VY VAN'S MOTION TO REOPEN BANKRUPTCY

In December 2016, AEG and Chun moved for summary judgment dismissal of all of Yen-Vy Van's claims, arguing that Yen-Vy Van's failure to list her alleged ownership interest in her

2

2009 bankruptcy schedules judicially estopped her lawsuit. They also argued that Yen-Vy Van lacked standing to assert her claims because her claims belonged to the bankruptcy estate.

After AEG and Chun filed their summary judgment motion, Yen-Vy Van stipulated to stay the superior court proceedings and moved to reopen the bankruptcy case for the purpose of amending her schedules. The bankruptcy court granted Yen-Vy Van's motion to reopen the bankruptcy, but then AEG and Chun filed a motion to vacate the reopening. AEG and Chun argued that Yen-Vy Van's reopening was "a sham to manipulate the state court proceedings" and that judicial estoppel barred reopening the bankruptcy proceeding. Clerk's Papers (CP) at 349.

In 2017, the bankruptcy court closed the reopened bankruptcy case. Yen-Vy Van, AEG, and Chun then stipulated to lifting the superior court stay.

IV. AEG AND CHUN'S SUPPLEMENTAL SUMMARY JUDGMENT MOTION

After the superior court lifted the stay, AEG and Chun filed a supplemental brief in support of the summary judgment motion incorporating by reference their summary judgment motion filed in December 2016. AEG and Chun argued that even assuming Yen-Vy Van had an ownership interest, judicial estoppel and lack of standing barred Yen-Vy Van's claims. In support of their summary judgment motion, AEG and Chun provided Yen-Vy Van's deposition testimony that in 2009, when she filed her bankruptcy petition, she considered that she owned a valuable property interest in AEG in the form of ownership interest units. Yen-Vy Van claimed that she had informed her bankruptcy attorney of her ownership interest but then acknowledged that her interest was not listed in her bankruptcy schedule.[1]

---

[1] Yen-Vy Van's deposition testimony includes at one point what appears to be an assertion that she informed the bankruptcy court of her ownership interest. But read in context, she is asserting that her disclosure to her attorney was sufficient to disclose the interest to the bankruptcy court.

3

AEG and Chun also provided Yen-Vy Van's bankruptcy schedules, disclaiming any interest in any business, partnership, or joint venture. Yen-Vy Van's 2009 confirmation plan required her to disclose to the trustee "any changes in circumstances." CP at 409.

In 2013, while the bankruptcy case was still open, Yen-Vy Van resigned from AEG and she retained a different attorney than her bankruptcy attorney. On June 3, this attorney demanded that AEG buy out Yen-Vy Van's alleged ownership interest. AEG and Chun's attorney responded to Yen-Vy Van's demands, denying that she had any ownership interest. The attorney also pointed out that if she were an AEG "[m]ember," when she filed for bankruptcy she would have had to allow AEG to repurchase her ownership interest. CP at 414.

AEG and Chun also relied on Chun's declaration, which included his statement that had Yen-Vy Van had an ownership interest in AEG, there would have been serious consequences to AEG and Chun when Yen-Vy Van filed for bankruptcy. Chun attached AEG's LLC agreement, providing for a member's bankruptcy to result in AEG's other members having to elect between liquidating the member's interest or dissolving AEG.

## V.  YEN-VY VAN'S SUMMARY JUDGMENT RESPONSE

Yen-Vy Van opposed AEG and Chun's motion for summary judgment dismissal by arguing that her omission of the alleged ownership interest was inadvertent and that she had made a good faith effort to rectify the omission by moving to reopen the bankruptcy proceedings in 2016.

---

She says she informed the bankruptcy court "[i]n Tacoma at my attorney's office," then clarifies that she means she disclosed her interest to her "attorney," who is "out of Tacoma." CP at 208, 210.

She also argued that "the existence or nonexistence of the arrangement [for back end compensation] is inherently a genuine issue of material fact." CP at 559.

In support of her arguments, she relied on her deposition testimony that she had disclosed her AEG ownership interest to her former bankruptcy attorney. She also provided her declaration that when she filed her bankruptcy petition, she knew she was accruing a five percent ownership interest in the LLC that would not vest until sometime in the future and had no monetary value assigned to it. In addition, her second bankruptcy attorney submitted his declaration that on the date that Yen-Vy Van filed her bankruptcy petition, her alleged ownership interest had not vested and had no realistic market value.

In further support of her summary judgment response, Yen-Vy Van provided the hearing transcript from AEG and Chun's motion to vacate the bankruptcy reopening. At that hearing, AEG and Chun had argued that Yen-Vy Van's creditors had no interest in reopening the proceeding because there would be no benefit to them. The bankruptcy court agreed, stating that in a chapter 13 bankruptcy, creditors could not stand to benefit from any potential value following completion of the bankruptcy case.

VI. ORDER GRANTING SUMMARY JUDGMENT

The superior court granted AEG and Chun's summary judgment motion and dismissed Yen-Vy Van's complaint with prejudice. Yen-Vy Van appeals.

ANALYSIS

I. STANDING

Yen-Vy Van argues that AEG and Chun are not entitled to summary judgment on the basis that Yen-Vy Van lacks standing to vindicate her alleged ownership interest. AEG and Chun argue

that Yen-Vy Van's alleged ownership interest became her bankruptcy estate's property when she filed for bankruptcy, so that she lacks standing. We hold that Yen-Vy Van has standing.

Standing is a legal question, which we review de novo. *City of Snoqualmie v. King County Exec. Constantine*, 187 Wn.2d 289, 296, 386 P.3d 279 (2016). "[A]ll legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case" comprise the bankruptcy estate. 11 U.S.C. § 541(a)(1). However, under 11 U.S.C. § 1327, "the property of the estate revests in the debtor upon plan confirmation, unless the debtor elects otherwise in the plan." *In re Jones*, 657 F.3d 921, 928 (9th Cir. 2011).

Here, Yen-Vy Van's alleged ownership interest was a contingent interest at the time she filed her bankruptcy petition and accordingly became a part of her bankruptcy estate. *See* 11 U.S.C. § 541(a)(1). But when the bankruptcy court confirmed her plan, all estate property revested in Van, unless she elected otherwise in the plan. *See Jones*, 657 F.3d at 928; 11 U.S.C § 1327.

*Arp v. Riley* provides support for Yen-Vy Van's argument. 192 Wn. App. 85, 366 P.3d 946 (2015), *review denied*, 185 Wn.2d 1031 (2016). In that case, the debtor was involved in an accident between confirmation of his chapter 13 plan and discharge of his bankruptcy case. *Arp*, 192 Wn. App. at 89-90. Division One of this court held that the claim arising from the accident belonged to the debtor, not to the bankruptcy estate. *Arp*, 192 Wn. App. at 95. This was so because under 11 U.S.C. § 1327 and *Jones*, the confirmation order vested claims that arose postconfirmation in the debtor. *Arp*, 192 Wn. App. at 95. Even if the claim were the estate's property, estate property revested "in the debtor upon plan confirmation." *Arp*, 192 Wn. App. at 95.

Although Yen-Vy Van's interest existed when she filed her petition, unlike the postconfirmation claim in *Arp*, *Arp*'s holding that estate property revests in a chapter 13 debtor upon plan confirmation applies here. Under *Jones*, Yen-Vy Van is correct that she has standing because a chapter 13 bankruptcy estate's property revests in the debtor following plan confirmation. 657 F.3d at 928.

AEG and Chun cite to *First National Bank v. Lasater* and 11 U.S.C. § 554(d), setting forth a rule that unscheduled property—property not disclosed in bankruptcy schedules—forever remains the estate's property (the unscheduled property rule). 196 U.S. 115, 119, 25 S. Ct. 206, 49 L. Ed. 408 (1905) (cited by Resp't's Br. at 17). They argue that based on the unscheduled property rule, Yen-Vy Van lacked standing because the estate held her unscheduled interest even after confirmation of her chapter 13 plan.

This is not the rule in chapter 13 bankruptcies, however. In *In re JZ L.L.C.*, the bankruptcy appellate panel for the Ninth Circuit addressed the relationship between the unscheduled property rule and 11 U.S.C. § 1327. 371 B.R. 412, 419-20 (B.A.P. 9th Cir. 2007). The bankruptcy appellate panel explained that in chapter 13 plans, under 11 U.S.C. § 1327, all property of the bankruptcy estate—even prepetition claims not disclosed in the debtor's bankruptcy schedules—revest in the debtor upon plan confirmation unless the plan or order confirming the plan states otherwise. 371 B.R. at 414, 418-20. Thus, although Yen-Vy Van did not disclose her interest, she nevertheless has standing.

## II. JUDICIAL ESTOPPEL

Yen-Vy Van raises several arguments that AEG and Chun's motion for summary judgment on the basis of judicial estoppel should have been denied. Because the superior court had no

tenable grounds to rule that AEG and Chun established the third core judicial estoppel factor, we reverse.

## A. STANDARD OF REVIEW

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. CR 56(c). We review summary judgment de novo, engaging in the same inquiry as the superior court. *Arkison v. Ethan Allen, Inc.*, 160 Wn.2d 535, 538, 160 P.3d 13 (2007). However, we review the superior court's decision to apply judicial estoppel for an abuse of discretion. *Arkison*, 160 Wn.2d at 538.

Where a defendant moves for summary judgment on the basis of judicial estoppel, then the nonmoving party may defeat summary judgment through either of two showings. *See* CR 56(c). "To defeat summary judgment, the nonmoving party must present evidence raising an issue of fact about one of the factors guiding a court's application of judicial estoppel or show that the trial court abused its discretion when applying the doctrine." *Urbick v. Spencer Law Firm, LLC*, 192 Wn. App. 483, 489, 367 P.3d 1103 (2016). "'A trial court abuses its discretion when it bases its decision on untenable or unreasonable grounds.'" *Arp*, 192 Wn. App. at 91 (quoting *Harris v. Fortin*, 183 Wn. App. 522, 527, 333 P.3d 556 (2014)).

## B. NO GENUINE ISSUE OF MATERIAL FACT

Yen-Vy Van argues that there is a genuine issue of material fact over whether she was entitled to "'back end compensation'" barring summary judgment. Opening Br. of Appellant at 33. But AEG and Chun agree that for the purpose of summary judgment, we should "construe the facts and reasonable inferences therefrom in [Yen-Vy] Van's favor." Resp't's Br. at 29. Because

the material facts are undisputed, we review whether, based on those facts, the superior court

abused its discretion when it ruled that judicial estoppel applied.

### C.  JUDICIAL ESTOPPEL DOES NOT APPLY

1.      JUDICIAL ESTOPPEL AND BANKRUPTCY LEGAL PRINCIPLES

"'Judicial estoppel is an equitable doctrine that precludes a party from asserting one

position in a court proceeding and later seeking an advantage by taking a clearly inconsistent

position.'" *Arkison*, 160 Wn.2d at 538 (quoting *Bartley-Williams v. Kendall*, 134 Wn. App. 95,

98, 138 P.3d 1103 (2006)).  The doctrine seeks to preserve respect for judicial proceedings and to

avoid inconsistency, duplicity, and waste of time.  *Arkison*, 160 Wn.2d at 538.

> Three "core factors" guide a superior court's determination to apply judicial estoppel:
>
> (1) whether "a party's later position" is "clearly inconsistent with its earlier
> position"; (2) whether "judicial acceptance of an inconsistent position in a later
> proceeding would create the perception that either the first or the second court was
> misled"; and (3) "whether the party seeking to assert an inconsistent position would
> derive an unfair advantage or impose an unfair detriment on the opposing party if
> not estopped."

*Arkison*, 160 Wn.2d at 538-39 (internal quotation marks omitted) (quoting *New Hampshire v.*

*Maine*, 532 U.S. 742, 750-51, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001)).

In a chapter 13 bankruptcy, a debtor retains her property and obtains court confirmation of

a plan to repay her debts over a three- to five-year period.  *Harris v. Viegelahn*, ___ U.S. ___, 135

S. Ct. 1829, 1835, 191 L. Ed. 2d 783 (2015).[2]  Thus, the chapter 13 bankruptcy estate includes

both the debtor's property at the time of her petition and after-acquired wages and property.

---

[2] In contrast, in chapter 7 bankruptcy, a debtor forfeits nearly all of her prepetition property and
makes a "'fresh start,'" shielding her postpetition acquisitions from creditors.  *Harris*, 135 S. Ct.
at 1835.

*Harris*, 135 S. Ct. at 1835. "Under the right circumstances, Chapter 13 of the bankruptcy code may present a strong case for the application of judicial estoppel." *Johnson v. Si-Cor, Inc.*, 107 Wn. App. 902, 909, 28 P.3d 832 (2001).

2.     THIRD CORE FACTOR:  UNFAIR ADVANTAGE

Even if we presume the first two factors are established, Yen-Vy Van's argument still fails. Thus, we address those factors no further.  The third core factor is whether Yen-Vy Van would derive an unfair advantage or impose an unfair detriment on AEG and Chun if not estopped. *Arkison*, 160 Wn.2d at 539.  Yen-Vy Van argues that AEG and Chun have shown no unfair detriment to them and indeed benefitted from her mistaken omission.  AEG and Chun respond that unless estopped, Yen-Vy Van obtains the unfair advantage of defrauding her creditors and they face the unfair detriment of having to buy Yen-Vy Van's interest out.  We agree with Yen-Vy Van and hold that there were no tenable grounds or reasons for the superior court to rule that AEG and Chun established this factor.

"By confirming the debtor's Chapter 13 plan, the court implicitly accepts the debtor's Chapter 7 liquidation analysis"—that the creditors are doing at least as well under the chapter 13 plan as they would if the case were converted for liquidation under chapter 7.  *Johnson*, 107 Wn. App. at 909-10.  "In such a case, if the debtor wrongfully failed to disclose [an] asset that would have affected the liquidation analysis, judicial estoppel should preclude the debtor from subsequently litigating" the related claim.[3]  *Johnson*, 107 Wn. App. at 910.  But without evidence

---

[3] AEG and Chun argue that *Johnson*, in which the appellate court reversed a decision that judicial estoppel applied and held that the second and third core factors had not been satisfied, is inapposite. AEG and Chun are correct that *Johnson* is factually distinct:  the reasons the second and third core factors had not been satisfied in that case—the debtor's postpetition claim was not something he had to disclose and the debtor was clearly entitled to keep the funds from the claim—do not exist

that disclosure would have affected the decision to accept a chapter 13 plan, there is no unfair advantage. *Arp*, 192 Wn. App. at 100-01; *Haslett v. Planck*, 140 Wn. App. 660, 669, 166 P.3d 866 (2007).

Here, although Yen-Vy Van wrongfully failed to disclose an asset and there are tenable grounds to conclude that the bankruptcy court accepted her position that she did not have that asset, there is no evidence that disclosing the asset would have affected the decision whether to accept Yen-Vy Van's chapter 13 plan. *Arp* and *Haslett* are instructive.

In *Arp*, the record did not support that a chapter 13 debtor who failed to disclose an asset benefited from the inconsistent claim. 192 Wn. App. at 100. There, when the undisclosed claim arose, the debtor had already nearly completed his chapter 13 plan payments, with only about $3,000 left to pay. *Arp*, 192 Wn. App at 100. The party seeking summary judgment on the basis of judicial estoppel failed to provide any evidence showing that any creditor would have requested a plan amendment if the debtor had disclosed his claim or that the bankruptcy court would have changed the relief it granted. *Arp*, 192 Wn. App. at 100. Thus, the moving party failed to provide evidence of an unfair advantage, and summary judgment could not be granted on the basis of judicial estoppel. *Arp*, 192 Wn. App. at 101.[4]

---

here. 107 Wn. App. at 910-11. But the general rule cited in *Johnson*, that failure to disclose an asset does not result in judicial estoppel applying in a chapter 13 case unless the disclosure would have affected the chapter 13 plan, also applies here. *See* 107 Wn. App. at 910.

[4] *Arp* also held that there was no evidence to support that the bankruptcy court accepted any inconsistent claim asserted by the debtor, given that the claim arose after the confirmation order. 192 Wn. App. at 100-01. Thus, there was no evidence to support the second core factor, either.

Although *Arp* involved a claim that arose after confirmation of the schedule 13 plan, *Arp* shows that in a chapter 13 case, the party moving for summary judgment must provide some evidence that if the debtor had disclosed the asset, it would have affected the chapter 13 plan.[5] We cannot simply presume that had a debtor disclosed an asset, the chapter 13 plan would have changed.

*Haslett*, like *Arp*, held that there could be no unfair advantage absent some showing that the debtor's disclosure would have affected the liquidation analysis for creditors. 140 Wn. App. at 669. Likewise in *Gosney v. Fireman's Fund Insurance Co.*, Division One of this court stated, "[E]ven assuming that Vose had *something* to disclose to the bankruptcy court, Fireman's failure to produce *any* evidence that disclosure would have changed the outcome of the bankruptcy proceedings precludes application of judicial estoppel." 3 Wn. App. 2d 828, 884, 419 P.3d 447, *review denied*, 191 Wn.2d 1017 (2018). There is no unfair advantage unless there is evidence that the debtor's disclosure would have affected the chapter 13 plan.

Here, regarding unfair advantage, AEG and Chun argued in their summary judgment motion that "[a]llowance of substantial claims to pass through bankruptcy without any accountability to the bankruptcy court by definition worked a fraud on [Yen-Vy Van's] creditors, who presumably agreed to a Chapter 13 plan based upon the sworn financial information they were given." CP at 269. But a superior court cannot presume without evidentiary support that disclosure of a debtor's alleged membership interest would have affected the chapter 13 plan. *See Arp*, 192 Wn. App. at 100-01.

---

[5] AEG and Chun are thus incorrect that *Arp* does not support Yen-Vy Van's position because it involves a claim arising postpetition.

Without knowledge of the amount of Yen-Vy Van's debts and disclosed nonexempt assets, we cannot know whether additional assets would have funded her plan or would have been superfluous. In fact, at the summary judgment hearing, Yen-Vy Van represented to the superior court that her bankruptcy-related debts arose from a "very small . . . painting business," suggesting that disclosing additional assets would not have made a difference. Verbatim Report of Proceedings at 22. Neither do we know that Yen-Vy Van's alleged membership even had any value: we know only that she alleged her interest was between 5 percent and 25 percent without knowing the underlying value.

The record also fails to disclose any unfair detriment to AEG and Chun. AEG and Chun argue that they face an unfair detriment because if Yen-Vy Van had an interest and she had disclosed that interest, they would have had to buy out Yen-Vy Van's interest in AEG. This argument is not persuasive. If Yen-Vy Van does have an ownership interest in AEG, AEG and Chun would have to liquidate that interest regardless of whether Yen-Vy Van disclosed it during the bankruptcy proceedings or after the fact. As Yen-Vy Van points out, if anything, AEG and Chun have benefited from not having to liquidate Yen-Vy Van's interest.

Thus, the record provides no tenable grounds for the superior court to conclude that Yen-Vy Van derived an unfair advantage or AEG and Chun suffered an unfair detriment.

5.     CONCLUSION

In sum, there are no genuine issues of material fact because AEG and Chun concede the existence of Yen-Vy Van's facts for the purpose of summary judgment. We hold that the superior court had no tenable grounds or reasons to conclude that Yen-Vy Van derived an unfair advantage or that AEG and Chun suffered an unfair detriment. Accordingly, we hold that the superior court

No. 50426-0-II

abused its discretion when it determined that judicial estoppel applied and granted summary judgment to AEG and Chun.

We reverse and remand.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

WORSWICK, P.J.

MELNICK, J.