# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In re the Committed Intimate Relationship of:<br><br>CHRISTINE AMBURGEY,<br><br>                   Respondent,<br><br>  and<br><br>CHRISTOPHER VOLK,<br><br>                   Petitioner. | No. 49389-6-II<br><br>PUBLISHED OPINION |

MAXA, C.J. – Christopher Volk seeks review of the trial court's denial of his summary judgment motion in Christine Amburgey's lawsuit alleging that she and Volk were in a committed intimate relationship (CIR). Amburgey claimed an interest in certain property Volk owned based on her and Volk living and raising their children together for 20 years before separating. The issue here is whether judicial estoppel precludes Amburgey from asserting her CIR claim.

While she and Volk were still living together, Amburgey filed a bankruptcy petition in federal court that did not list as assets any interest in Volk's property or a potential CIR claim regarding that property. The bankruptcy court discharged her debts. Amburgey subsequently filed a complaint alleging that she and Volk had been in a CIR and seeking an equitable distribution of property from the CIR. Volk asserted that the omission of the alleged CIR property and potential CIR claim as assets in the bankruptcy petition precluded Amburgey's CIR

claim under judicial estoppel, and also asserted that Amburgey did not have standing because of the bankruptcy. He filed a summary judgment motion on that issue, which the trial court denied.

Amburgey subsequently filed a motion to reopen the bankruptcy case and submitted an amended schedule disclosing the CIR claim. The bankruptcy trustee later filed a report stating that no nonexempt property was available for distribution from the estate, and the bankruptcy court again closed the case.

We hold that the trial court did not err in denying Volk's summary judgment motion because (1) judicial estoppel does not apply, particularly in light of Amburgey's amended bankruptcy schedule that disclosed her CIR claim; and (2) Amburgey has standing to bring a CIR cause of action because the CIR cause of action was not the property of the bankruptcy estate once the bankruptcy case was closed. Accordingly, we affirm the trial court's order denying Volk's summary judgment motion.

## FACTS

Between 1994 and January 2014, Amburgey and Volk lived and raised two children together in a house that Volk had purchased before the relationship began. Volk apparently accrued retirement benefits during this time. Volk and Amburgey never married and did not comingle their finances.

In November 2013, Amburgey filed a voluntary bankruptcy petition, which she signed under oath. She filed as an individual and did not identify a spouse or joint debtor. As part of the petition, Amburgey filed schedules of her assets that included small amounts in bank accounts, miscellaneous personal property, and vehicles. She listed no real property. The primary debts she listed were $5,000 owed to the Internal Revenue Service and over $30,000 owed on several credit cards.

The real property schedule directed Amburgey to list all real property in which she had "any legal, equitable, or future interest, including all property owned as . . . community property." Clerk's Papers (CP) at 23. Amburgey stated "None" on this schedule and did not list an interest in the house where she lived with Volk. CP at 23.

The personal property schedule directed Amburgey to list "all personal property . . . of whatever kind." CP at 24. The schedule included a specific question about interests in retirement accounts, and Amburgey marked "None." CP at 25. She did not list any interest in Volk's retirement account. The schedule also included a specific question about "[o]ther contingent and unliquidated claims of every nature," and Amburgey marked "None." CP at 25. She did not list a potential CIR claim against Volk.

The bankruptcy court discharged Amburgey's debts in February 2014. No distribution was made to Amburgey's creditors. The bankruptcy case was closed in March.

Amburgey moved out of the house she shared with Volk in January 2014. In 2016, Amburgey filed a complaint asking the court to find that she and Volk had been in a CIR between 1994 and January 2014 and to order an equitable distribution of the property from the CIR.

Volk filed a motion for summary judgment, arguing that (1) judicial estoppel barred Amburgey from asserting an interest in Volk's property or a CIR claim regarding that property because she did not list the property or a CIR claim as assets in her bankruptcy schedules, and (2) she lacked standing to bring a CIR claim. The trial court denied Volk's summary judgment motion, ruling that judicial estoppel did not apply. Volk filed a motion for discretionary review of the trial court's ruling, which a commissioner of this court granted. Ruling Granting Review,

No. 49389-6-II

*In re the Committed Intimate Relationship of Amburgey*, No. 49389-6-II (Wash. Ct. App. Jan. 17, 2017).

After the parties had filed their opening appellate briefs, Amburgey filed a motion in bankruptcy court to reopen her case to file amended asset schedules. The bankruptcy court entered an order reopening the case.

Amburgey then filed an amended schedule and marked "Yes" for the question about "[o]ther contingent and unliquidated claims of every nature." Smith Decl., Ex. A. For an explanation, she stated,

> Debtor may have an equitable claims [sic] against assets held as separate property by her partner, Christopher Volk, in the nature of claims for residential real estate and retirement funds, all of which would be exempt. Debtor does not believe these claims existed or arose at the time of her Chapter 7 filing under state law but only upon a dissolution of her committed intimate relationship that occurred after filing and discharge. This amendment is for precautionary purposes in the event the case trustee believes there are CIR assets that are [the] property of this bankruptcy estate. This case has been reopened for this purpose.

Smith Decl., Ex. A (capitalization omitted). She also claimed as exempt from the bankruptcy estate her interest in Volk's house up to $22,975 and her interest in Volk's retirement funds in an unknown amount.

On February 9, 2018, the bankruptcy trustee filed a report stating that "there is no property available for distribution from the estate over and above that exempted by law." Smith Decl., Ex. B. On February 27, the bankruptcy court entered an order closing the reopened case.

Amburgey filed a motion to supplement the record with the bankruptcy court pleadings and for this court to take judicial notice of those pleadings. A commissioner of this court denied the motion but stated that the court would take judicial notice of the bankruptcy court's record. Comm'r's Letter Ruling (Oct. 2, 2018).

4

ANALYSIS

A.    LEGAL BACKGROUND

1.    Standard of Review

We review a trial court's decision on a summary judgment motion de novo. *Zonnebloem, LLC v. Blue Bay Holdings, LLC*, 200 Wn. App. 178, 182, 401 P.3d 468 (2017). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; CR 56(c). A genuine issue of material fact exists if reasonable minds could disagree on the conclusion of a factual issue. *Zonnebloem*, 200 Wn. App. at 183. We view all facts and reasonable inferences drawn from those facts in the light most favorable to the nonmoving party. *Id.* at 182.

2.    Nature of CIR Claim

A CIR "is a stable, marital-like relationship where both parties cohabit with knowledge that a lawful marriage between them does not exist." *Connell v. Francisco*, 127 Wn.2d 339, 346, 898 P.2d 831 (1995). "The CIR doctrine is a judicially created doctrine used to resolve the property distribution issues that arise when unmarried people separate after living in a marital-type relationship and acquiring what would have been community property had they been married." *In re Kelly*, 170 Wn. App. 722, 732, 287 P.3d 12 (2012). This doctrine, which is based on equitable principles, protects the interests of unmarried couples who acquire property during their relationship by preventing the unjust enrichment of one at the expense of the other when the relationship ends. *In re Pennington*, 142 Wn.2d 592, 602, 14 P.3d 752 (2000).

Courts use a three-prong analysis for disposing of property when such a marital-like relationship ends: (1) determine whether a CIR existed; (2) if a CIR existed, evaluate each

party's interest in the property acquired during the relationship; and (3) make a just and equitable distribution of that property. *Id.*

If the trial court determines that a CIR existed, the court may equitably divide the property acquired during the relationship in a manner similar to marriage dissolution proceedings. *Connell*, 127 Wn.2d at 351. Property acquired during a CIR is presumed to be owned by both parties, although this presumption can be rebutted. *Id.* However, marriage dissolution principles are applied only by analogy. *Id.* Courts have declined to characterize a CIR as a de facto common law marriage. *Pennington*, 142 Wn.2d at 601.

The CIR doctrine applies only when the parties have ended their relationship. *Kelly*, 170 Wn. App. at 734. And application of marriage principles by analogy applies only once the existence of a CIR has been established. *Id.* at 737. As a result, "[i]t is inappropriate to ascribe common law, marriage-related property rights to those who have not timely proved that there is a CIR in the first place." *Id.*

B.      APPLICATION OF JUDICIAL ESTOPPEL

Volk argues that the trial court should have ruled that judicial estoppel applies to bar Amburgey from bringing a CIR claim because she initially failed to list Volk's property and her potential CIR claim as assets in her bankruptcy schedules. We disagree under the facts of this case.

1.      Legal Principles

" 'Judicial estoppel is an equitable doctrine that precludes a party from asserting one position in a court proceeding and later seeking an advantage by taking a clearly inconsistent position.' " *Chonah v. Coastal Villages Pollock, LLC*, 5 Wn. App. 2d 139, 147, 425 P.3d 895 (2018), *review denied* 192 Wn.2d 1012 (2019) (quoting *Bartley-Williams v. Kendall*, 134 Wn.

App. 95, 98, 138 P.3d 1103 (2006)). Courts apply judicial estoppel to protect the integrity of the courts and to minimize inconsistency, duplicity, and waste of time. *Chonah*, 5 Wn. App. 2d at 147. However, the doctrine is not designed to protect litigants. *Id.*

In determining whether to apply judicial estoppel, a trial court primarily must consider three nonexhaustive "core" factors:

> (1) whether the party's later position is clearly inconsistent with its earlier position, (2) whether acceptance of the later inconsistent position would create the perception that either the first or the second court was misled, and (3) whether the assertion of the inconsistent position would create an unfair advantage for the asserting party or an unfair detriment to the opposing party.

*Taylor v. Bell*, 185 Wn. App. 270, 282, 340 P.3d 951 (2014). However, the trial court also may consider other factors in making its decision. *Arkison v. Ethan Allen, Inc.*, 160 Wn.2d 535, 539, 160 P.3d 13 (2007). One additional factor that courts usually consider is whether the party's prior inconsistent position was accepted by the first court. *Taylor*, 185 Wn. App. at 282.

Judicial estoppel is flexible and fact-based. *Chonah*, 5 Wn. App. 2d at 148. "[C]ourts must apply judicial estoppel at their own discretion; they are not bound to apply it but rather must determine on a case-by-case basis if applying the doctrine is appropriate." *Arp v. Riley*, 192 Wn. App. 85, 92, 366 P.3d 946 (2015).

In general, judicial estoppel may apply when a bankruptcy petitioner fails to list a potential legal claim as an asset and then later pursues that claim after the bankruptcy discharge. *Arkison*, 160 Wn.2d at 539; *Chonah*, 5 Wn. App. 2d at 149. Application of estoppel in this scenario "prevents a debtor from protecting the asset from creditors by representing to the bankruptcy court that no claim exists and then asserting in another court that the claim does exist." *Arp*, 192 Wn. App. at 92. But judicial estoppel does not automatically apply when a

party has failed to disclose a potential claim in bankruptcy, "especially where a party lacks knowledge or has no motive to conceal the claims." *Id.* at 92-93.

We review a trial court's decision on the application of judicial estoppel for an abuse of discretion. *Chonah*, 5 Wn. App. 2d at 147. A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds. *Id.*

2. Judicial Estoppel Analysis

Volk argues that this case falls within the general rule that judicial estoppel applies when a party fails to disclose a claim in a bankruptcy petition and then subsequently tries to assert that claim against a third party. *See Arkison*, 160 Wn.2d at 539. However, none of the core factors support application of judicial estoppel under the facts of this case.

a. Inconsistent Positions

The first core factor is whether a party has taken clearly inconsistent positions. *Taylor*, 185 Wn. App. at 282. Volk claims that Amburgey's failure to list her interest in Volk's property and her potential CIR claim in her initial bankruptcy petition is inconsistent with her present position that she does have an interest in that property. But Amburgey's current position is not inconsistent with her position in the bankruptcy court for two reasons.

First, when she filed the bankruptcy petition, Amburgey's CIR claim had not yet accrued. In *Kelly*, the court held that for statute of limitations purposes, "an action to divide assets acquired during a CIR accrues when a CIR ends." 170 Wn. App. at 734. A cause of action that accrues after the debtor has filed a bankruptcy petition need not be disclosed. *In re Davis*, 589 B.R. 146, 149 (Bankr. E.D. Tenn. 2018). Therefore, Amburgey's failure to disclose a CIR claim that had not accrued because the CIR had not yet ended is not necessarily inconsistent with asserting a CIR claim once it accrues.

Second, even if her initial bankruptcy petition was inconsistent with her current position, Amburgey submitted an amended property schedule that informed the bankruptcy court of her CIR claim. Amburgey's amended disclosure is not inconsistent with her current position. In *Chonah*, the court concluded that the first factor did not support application of judicial estoppel when an amended bankruptcy filing disclosed a claim not identified in the initial bankruptcy petition. 5 Wn. App. 2d at 148-49. We agree under the facts here.

Volk argues that Amburgey's amended disclosure is inconsistent with her current position because she still did not list her claimed interest in Volk's property in the property schedules. He also claims that her amended disclosure was designed to convince the bankruptcy trustee that her CIR claim was worthless. But regardless of any such deficiencies, Amburgey's disclosure of her CIR claim is consistent with her current position.

Volk also argues that *Cunningham v. Reliable Concrete Pumping, Inc.*, 126 Wn. App. 222, 108 P.3d 147 (2005) supports application of judicial estoppel even when an amended bankruptcy petition is filed. But in *Cunningham*, the *bankruptcy trustee* reopened the bankruptcy, not the debtor. *Id.* at 226. There is no indication in that case, as in *Chonah*, that the debtor filed an amended schedule disclosing the previously omitted claim. *Chonah* applies here, not *Cunningham*.

We conclude that the first core factor does not support application of judicial estoppel.

b. Misleading Court/Judicial Acceptance of Prior Position

The second core factor is whether acceptance of the party's current position would create the impression that the court in the previous case or in the current case was misled. *Taylor*, 185 Wn. App. at 282. A related factor is whether the first court accepted the party's prior position.

*Id.* Volk argues that the bankruptcy court's discharge of Amburgey's debts following her initial petition showed that the court accepted and was misled by her failure to disclose her CIR claim.

This argument may have been valid with regard to the initial discharge. If a bankruptcy court grants a discharge based on the debtor's disclosures, the court accepts the debtor's position for judicial estoppel purposes. *See Urbick v. Spencer Law Firm*, *LLC*, 192 Wn. App. 483, 488-89, 367 P.3d 1103 (2016).

But the bankruptcy court subsequently reopened the case on Amburgey's motion and then closed the case again after Amburgey had disclosed the CIR claim. The court was not misled once Amburgey disclosed her CIR claim. Under similar facts, the court in *Chonah* concluded that the second factor did not support application of judicial estoppel. 5 Wn. App. 2d at 149-50. The court stated, "We reject [petitioner's] bid to turn the judicial integrity doctrine into a game of tag where a position, once advanced, can never be retracted." *Id.* We agree under the facts here.

We conclude that the second core factor and the related "court acceptance" factor do not support application of judicial estoppel.

c.   Unfair Advantage

The third core factor is whether a party's assertion of the current position would create an unfair advantage for that party. *Taylor*, 185 Wn. App. at 282. Volk argues that Amburgey gained an advantage by not disclosing her CIR claim because her debts were discharged in bankruptcy without exposing her interest in Volk's property to her debtors. Again, this argument may have been valid with regard to the initial discharge. If a debtor fails to disclose a claim as an asset in a bankruptcy schedule, the debtor gains an unfair advantage for purposes of judicial

estoppel because the debtor denies their creditors an opportunity to assert a claim to the undisclosed assets. *Urbick*, 192 Wn. App. at 489-90.

However, even after Amburgey disclosed her CIR claim, the bankruptcy court closed her case without a distribution to creditors. The bankruptcy trustee reported that Amburgey had no nonexempt asserts that could be used to satisfy her creditors. As a result, Amburgey gained no advantage in the bankruptcy case because the subsequent disclosure of the CIR claim made no difference.

Volk argues that Amburgey did not properly disclose her claim to an interest in his property and attempted to convey that the CIR claim was worthless. But the bankruptcy trustee had an obligation to fully investigate the CIR claim once Amburgey disclosed it. There is no indication that the trustee was deceived by the nature of Amburgey's disclosure.

We conclude that the third core factor does not support application of judicial estoppel.

### d.    Summary

None of the core factors support application of judicial estoppel here, especially in light of Amburgey's amended bankruptcy disclosure identifying her CIR claim. Accordingly, we hold that the trial court did not abuse its discretion in ruling that judicial estoppel did not apply.

## C.    STANDING TO ASSERT CIR CLAIM

Volk argues that the trial court erred in denying his summary judgment motion because Amburgey does not have standing to assert an equitable interest in his property through a CIR claim. He contends that even after Amburgey submitted the amended bankruptcy schedule, the bankruptcy trustee had exclusive authority to assert Amburgey's CIR claim on behalf of the bankruptcy estate. We disagree.

Filing a bankruptcy petition creates an estate for the assets and debts of the bankruptcy proceeding. 11 U.S.C. § 541(a). The trustee of the bankruptcy estate is the true party in interest and therefore has the exclusive standing to pursue a cause of action that is considered property of the estate. *In re Truong*, 557 B.R. 326, 342 (Bankr. D.N.J. 2016). However, the trustee's exclusive standing does not apply to causes of action that are not property of the estate under 11 U.S.C. § 541(a). *Cargo v. Kansas City Southern Ry. Co.*, 408 B.R. 631, 644 (Bankr. W.D. La. 2009).

Here, after Amburgey included the CIR claim as a scheduled asset in her reopened bankruptcy case, the bankruptcy trustee stated that there were no nonexempt assets to distribute and that the estate had been fully administered. The bankruptcy court closed Amburgey's case. Under 11 U.S.C. § 554, any property of the bankruptcy estate that is not otherwise administered is considered abandoned by the estate and reverts to the debtor. *Stevens v. City of Centralia*, 86 Wn. App. 145, 153-54, 936 P.2d 1141 (1997). Therefore, because the bankruptcy estate did not otherwise administer Amburgey's CIR claim, the equitable claim has reverted to her as if no bankruptcy petition had been filed. *Id.* at 153. And as the party in interest, Amburgey has standing to assert her CIR claim.

Accordingly, we hold that the trial court did not err in denying Volk's summary judgment motion on the issue of standing.

D.     ATTORNEY FEES ON APPEAL

Volk argues that we should award him reasonable attorney fees on appeal under RCW 4.84.185, which allows an award of attorney fees for defending against a frivolous claim or appeal. However, as discussed above, we agree with Amburgey's arguments and they are not frivolous. Accordingly, we decline Volk's request to award attorney fees on appeal.

CONCLUSION

We affirm the trial court's order denying Volk's summary judgment motion regarding the application of judicial estoppel.

MAXA, C.J.

We concur:

WORSWICK, J.

GLASGOW, J.