**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Committed Intimate Relationship of:<br><br>JOY L. CARTWRIGHT,<br><br>     Appellant,<br><br>  and<br><br>JEFFREY D.G. PETERS,<br><br>     Respondent. | No. 87734-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Joy Cartwright appeals the trial court's order following a bench trial on her petition for dissolution of a committed intimate relationship (CIR) with Jeffrey Peters. We affirm.

I

Cartwright and Peters were in a CIR for 20 years, beginning in 2003 and ending in 2023. In February 2024, Cartwright petitioned to dissolve the CIR and divide their property and debts.

Peters acquired real property, a home, in Kent, Washington, before the CIR began. Funds from Peters's separate property provided the $100,000 down payment. The home is encumbered by a loan of over $60,000.

Cartwright and Peters did not share any bank accounts, retirement accounts, credit cards, auto loans, or any other real estate, property, or debt.

Peters started two construction-related businesses during the relationship. The first business lasted around 8 months before the economic collapse of 2008. The second business started in 2011 and is still active.

It was not disputed that Cartwright made some monthly payments to Peters over the course of the CIR, but they dispute the amount, the duration, and the purpose of those payments. Cartwright testified that the payments were $2,000 a month for 20 years, separate from a $550 monthly payment toward the home. Peters testified that Cartwright paid $500 monthly to him for around 7 years.

The trial court concluded that Cartwright and Peters were in a CIR because of the length of the relationship, their pooling some resources for some shared expenses, and their being together as a family. The court denied Cartwright's request for spousal maintenance since it was a CIR, not a marriage.

The trial court also declined to award an $80,000 payment to Cartwright as a division of the home because it was Peters's separate property, there was no agreement that she would be an equity owner, and there was no legal basis to divide the property. The trial court explained that Cartwright did not produce any evidence to corroborate that her monthly payments to Peters were owner-equity contributions to the home rather than for rent or general contributions for shared expenses. The court also declined to award Cartwright attorney fees since she represented herself at trial. Lastly, the trial court declined to award Cartwright anything for Peters's businesses since there

was no evidence as to the worth of the businesses or to support that the businesses were a community asset.

Cartwright appeals.

II

A CIR "is a stable, marital-like relationship where both parties cohabit with knowledge that a lawful marriage between them does not exist." Connell v. Francisco, 127 Wn.2d 339, 346, 898 P.2d 831 (1995). Washington courts "use a three-pronged analysis for disposing of property when such a marital-like relationship ends: (1) determine whether a CIR existed; (2) if a CIR existed, evaluate each party's interest in the property acquired during the relationship; and (3) make a just and equitable distribution of that property." In re Committed Intimate Relationship of Amburgey, 8 Wn. App. 2d 779, 787, 440 P.3d 1069 (2019). If the court determines that a CIR existed, the court may equitably divide the property acquired during the relationship in a manner similar to marriage dissolution proceedings. Connell, 127 Wn.2d at 350.

This court reviews property distribution at the end of a CIR for abuse of discretion. Soltero v. Wimer, 159 Wn.2d 428, 433, 150 P.3d 552 (2007). "While we review conclusions of law de novo, findings of fact merely need to be supported by substantial evidence." Soltero, 159 Wn.2d at 433.

Cartwright first argues that the trial court erred by failing to find that the parties were in a CIR. She is mistaken because the trial court did in fact conclude that the parties were in a CIR because of the length of the relationship, pooling some resources, sharing some expenses, and being together as a family.

Cartwright next argues that the trial court erred by disregarding her financial and nonfinancial contributions to the two businesses. The trial court determined that Cartwright produced only limited evidence showing that she worked there at some point but no evidence that the business was a community asset. Further, even if a community asset, the court determined that because neither party testified to the value of the business, whether the business had assets, accounts receivable, debts or liabilities, the business could not be divided. The court's determination was not an abuse of discretion.

Cartwright finally argues that the trial court erred by failing to equitably distribute property and assets acquired during the CIR. But as the trial court explained, the only asset identified by Cartwright was the home in Kent, and Cartwright failed to demonstrate that she was an equity owner.

> [Cartwright] has not shown, by a preponderance of the evidence, that the arrangement she had with [Peters] to make monthly payments was for an ownership interest in the property as a result of an implied contract between the parties. The lack of corroborating documentation (a contract, bank accounts, an email, a text confirming her assertions) coupled with [Peters's] credible testimony that the arrangement was specifically segregated (a payment for rent including typical household expenses) is more persuasive to this Court.
>
> Accordingly, [Cartwright's] request for an $80,00 payment as an equitable division of the home is DENIED. The Court concludes that the home was [Peters's] separate property acquired before the CIR and that there was no formalized agreement that [Cartwright] be an equity owner.

Cartwright fails to provide argument or citations to the record demonstrating that the trial court erred. See RAP 10.3(a)(6) (requiring the argument section of the brief to contain "citations to legal authority and references to relevant parts of the record"). Without argument we cannot conclude that the trial court abused its discretion.

-4-

We affirm.

_Mann, J._

WE CONCUR: